[Civil No. 1376.   Filed January 11, 1915.]

[145 Pac. 725.]

WHITE SEWING–MACHINE COMPANY, a Corporation, Appellant, v. J. TAYLOR BRADLEY, W. S. HODGES, F. M. PEIRONNET, C. A. OVERLOCK, J. G. EWELL and J. G. DIXON, Appellees.

1. TRIAL—DIRECTION OF VERDICT—SUFFICIENCY OF EVIDENCE.—It is only where the court can find no evidence which, in its deliberate and ultimate judgment, is entitled to be weighed that a verdict should be directed.

2. INDEMNITY—BONDS—EVIDENCE.—In an action on a bond to secure payment of notes given for the price of sewing-machines, evidence *held* sufficient to take the question of the execution of the bond and the existence of indebtedness on the notes to the jury.

3. BONDS—EXISTENCE OF EXACTLY SIMILAR BOND—EFFECT.—It is no defense to an action against the parties to a bond that there is another bond outstanding, executed by the same persons, for the same purpose, and containing exactly the same conditions.

APPEAL from a judgment of the Superior Court of the County of Cochise.   Fred Sutter, Judge.   Reversed and remanded.

The facts are stated in the opinion.

Mr. David Benshimol, for Appellant.

Messrs. Doan & Doan, for Appellees.

CUNNINGHAM, J.—Appellant commenced this action upon a bond given by J. Taylor Bradley as principal and the other appellees as sureties, under date of October 8, 1907, binding themselves jointly, severally and individually to the appellant in the penal sum of $2,500, with 10 per cent in case of suit on the bond, to be paid upon the following condition only:

"The condition of the above obligation is such that if the above bounden . . . heirs, executors or administrators, shall well and truly pay, or cause to be paid, any and every indebtedness or liability now existing, or which may here-

after in any manner exist or be incurred on the part of the said J. Taylor Bradley to the White Sewing-Machine Company, or its assigns, whether such indebtedness or liability shall exist in the shape of book accounts, notes or leases, renewals or extensions of notes, accounts or leases, acceptances, indorsements, consignments of property or merchandise, failure to deliver cr account for the same, or any part thereof, or otherwise, and whether such indebtedness shall be incurred under any contract between said White Sewing-Machine Company and the said J. Taylor Bradley or otherwise, and whether the same shall arise out of the purchase and sale of sewing-machines, or otherwise, hereby waiving presentment for payment, notice of nonpayment, protest and notice of protest, and diligence upon all notes, accounts or leases, now or hereafter executed, indorsed, transferred, guaranteed or assigned by the said J. Taylor Bradley to the White Sewing-Machine Company, its agents or assigns, then this obligation to be void, but otherwise to be and remain in full force and effect.''

Further provisions are made in the bond relating to matters of signature, notice of acceptance by the company, other agreements for discharge or release of the signers, and agreements arising that do and that do not have the effect to discharge the obligation. The instrument is literally set out in the complaint. The complaint alleges that: ''During the year of 1907, defendant Bradley purchased from the plaintiff various sewing-machines and sewing-machine supplies, and in payment therefor made, executed and delivered to plaintiff his promissory note in favor of plaintiff, in the sum of $2,094.63 in words and figures following, to wit,'' setting out the note dated October 30, 1907, due 18 months after date, with interest at 8 per cent per annum from maturity, and providing for 10 per cent attorney's fees to be added in case of suit, signed by J. Taylor Bradley. Plaintiff admits credits have been allowed upon the note, and alleges:

''That the sum of $736.45 is now due on said note, and that the same is the whole indebtedness due from defendant Bradley to plaintiff.''

Plaintiff alleges that: ''Defendants have wholly failed and neglected to pay said indebtedness, or any part thereof, though demand has been made on them for such payment, and said

indebtedness has not been paid by said defendant Bradley
. . . or any other persons.''

Plaintiff claims 10 per cent on the amount alleged to be
due as attorneys' fees as provided in the bond.

The defendants Overlock and Peironnet answered alone.
The defenses interposed by these answering defendants con-
sist of demurrers, of a denial that J. Taylor Bradley executed
and delivered the note pleaded and deny that there was any
consideration for the note; deny that at the time of the ma-
turity of the note, or at any time since, that there was due
the plaintiff anything from Bradley. They deny that they
made and executed the bond sued on, and deny that demand
for payment has been made, and allege that on information
and belief all sums of money due from Bradley to plaintiff
have been paid. These defenses are verified. The cause was
tried before a jury, and upon the close of the evidence of all
parties the court instructed a verdict for the defendants, and
rendered judgment accordingly. Plaintiff moved for a new
trial, which motion was denied. This appeal is prosecuted
from the judgment and from the order refusing a new trial.

Appellant assigns as error the instruction of the court
directing a verdict for defendants, ''because there was sub-
stantial evidence to sustain the plaintiff's case.'' This
assignment is the equivalent of the allegation that the evi-
dence does not sustain the verdict and judgment. Such alle-
gation was one of the grounds assigned as reasons for a new
trial in the motion. The purpose of action is to enforce
the obligation of the bond. The right to recover depends
upon whether J. Taylor Bradley is indebted to the plaintiff
in any amount, and whether such indebtedness arose by rea-
son of any of the things specified in the bond. If he is in-
debted by a note and neither he nor the sureties on the bond
have paid the amount owing, the condition of the bond is
broken, and plaintiff is entitled to recover. If it be a fact
that J. Taylor Bradley is not indebted to the plaintiff, evi-
denced by the note, because the note was made by him with-
out consideration, if in fact these defendants did not make,
execute and deliver the bond sued on, or if all the indebted-
ness represented by the note has been paid, any of these facts
appearing, defendants are not liable, and the obligation of
the bond is not enforceable against them. The condition of

the bond has been performed or the obligation never existed, as the case may be. The issues raised by the pleadings are whether defendants made, executed and delivered the bond set forth in the complaint. If so, did J. Taylor Bradley make the note pleaded to the plaintiff, and was such note made upon a consideration? Is any part of that note due and unpaid? These are the questions presented for trial as raised by the defense. In order to recover the plaintiff must satisfy the jury from a preponderance of the evidence that the defendants made, executed and delivered to plaintiff an obligation in effect such as is pleaded; that before the commencement of the suit J. Taylor Bradley was indebted to the plaintiff in some manner contemplated by the bond and to some amount; that he gave plaintiff his promissory note in effect such as is set forth in the pleadings; that the note was given for a consideration; that the note or some part of the note is due and unpaid. The question is, Does the record contain substantial evidence tending to prove these facts, and such as would support a verdict for the plaintiff? The plaintiff introduced the testimony of H. S. Smith, a witness, who testified: That he prepared the bond on an approved blank form of bond furnished him by plaintiff, by filling in the blanks and making other notations on the instrument. That he saw all the defendants sign their names to the bond, and he signed his name as a witness to such signatures of all the defendants except that of J. G. Dixon, and that he saw Dixon sign the instrument, and saw the witness to his signature also sign it as such witness. The instrument is otherwise identified. That the instrument was made as one of three instruments closing a sale. of sewing-machines by the witness for the plaintiff to defendant Bradley. That the other two instruments consisted of an order for the goods by Bradley and plaintiff and· a contract between Bradley and plaintiff bearing on the matter of the sale of the goods. The witness says:

"I got Bradley's order for the machines and contract, and I went with him to the other people who signed the bond, and I saw  them sign it, and I signed the bond myself as a witness. The White Sewing-Machine Company approved the contract, order, and bond and shipped the machines."

Plaintiff then introduced C. A. Hawkins, who testified: That he was the general manager of plaintiff company in October, 1907; that the contract, order and bond was received by plaintiff company, and he as general manager for the company approved the contract and order, and the carload of machines was shipped. The order and contract are produced as a part of this witness' testimony. He testifies that letters were caused by him to be sent by registered mail to each of the parties signing the bond, notifying them that the plaintiff company had accepted the bond. A copy of the letters and return register receipts appear in the evidence. That upon notice from Bradley that the goods had been received, he was furnished three notes to execute and return to the company to cover the full account payable to the company. The total sum due for the carload of sewing-machines was $5,415. That another small order was given by him and the freight advanced. All aggregated, including the machine account, $6,283.91. That the three notes were all dated October 30, 1907. One was due April 30, 1908, one October 30, 1908, and the third and last was due April 30, 1909. The first two notes were for the sum of $2,094.64, and the last one was for the sum of $2,094.63.

"The consideration for the notes was the carload of machines . . . and the freight on the machines from Cleveland, Ohio, to J. Taylor Bradley in Arizona. . . ."

The witness goes into detail regarding the sums paid on account of the notes, admitting that the first two notes have been paid and furnishing a statement of the account.

The witness states: "I have the last of said notes, which I have referred to as note No. 103. . . . The balance due from J. Taylor Bradley on August 13, 1911, was $600.59, and the interest due at said time was $111.69."

This is substantial evidence tending to prove every essential fact necessary to establish a *prima facie* case. Without further evidence, if submitted to the consideration of a jury and a verdict should have been returned for the plaintiff, such verdict would not be unsupported by the evidence.

In *Kroeger* v. *Twin Buttes R. R. Co.*, 14 Ariz. 269, Ann. Cas. 1914A, 1289, 127 Pac. 735, we adopted and approved the rule announced in 38 Cyc. 1567, 1568, as follows:

"It is only where a court can find no evidence which in its deliberate and ultimate judgment is entitled to be weighed that the jury should be instructed in terms that there is no evidence to support the burden of proof which rests upon the party."

We adhere to this rule as one supported by reason and authority.

In view of another trial we deem it proper to notice one other matter that has been the subject of a close contest in the trial of this case, viz., the question of another bond, made by these same defendants for the same purpose of insuring to plaintiff the payment of any sums that J. Taylor Bradley might become indebted to plaintiff, but fail to pay. Such a bond was mentioned in the evidence, and it was virtually admitted by plaintiff's counsel that such bond had been made by the defendants and forwarded to plaintiff. There is some evidence tending to show that such bond was in effect the same form of bond sued on. The bond in suit contains the following paragraph of agreement:

"Each one signing this bond is bound according to the purport of it without any regard to any understanding that any person should also sign this instrument; and the person to whom this is intrusted has absolute authority to deliver it, and no notice of its acceptance by said company shall be required, and the same is made and shall be construed without reference to any other instrument or agreement whatsoever, and any claim of any arrangement or agreement with any of the signers hereof to discharge or release them or any of them, shall be void and of no binding effect upon the White Sewing-Machine Company unless this bond shall be delivered up or discharged in writing by the said White Sewing-Machine Company, over the signature of its president or secretary of the company, and it is to continue in full force until so delivered up or discharged."

Conceding that the prior bond did contain a provision in effect the same as above quoted, the defendants argue, and the court apparently accepts the argument as sound, that, such agreement being in the prior bond, that bond only is a binding obligation upon these defendants, and by reason of the existence of such prior binding obligation these defendants are not liable on this subsequent bond. In the first place,

no such defense is set up by the defendants, and the validity of the prior bond is not involved in this case. In the second place, a free, competent person may obligate himself by written or oral agreement as many times as he chooses, without one obligation entered into by him disqualifying him from entering into another, in the identical terms of the former obligation. If we are to hold that a man can bind himself but one time in one form of bond, such holding would be revolutionary in the extreme, and would have the effect to nullify all manner of contracts. When suit is commenced to enforce the prior bond mentioned in the evidence in this case, its binding effect may then be determined. It has no place in this action under the issues joined. Besides the evidence allowed on that fact tends to prove, if the question was one for consideration, that that bond was never accepted, and was returned and declared by plaintiff to be void. Plaintiff claims no rights under the prior bond.

The judgment is reversed for this reason: The court erred in directing a verdict for defendants when substantial evidence was before the jury tending to establish all the essential facts of plaintiff's alleged cause of action.

Reversed and remanded.

ROSS, C. J., and FRANKLIN, J., concur.