ELIAS SIMADIRIS, Suing on Behalf of Himself and All Other Banquet Waiters in the Employ of HOTEL WALDORF ASTORIA CORPORATION, Similarly Situated, Appellant, y. HOTEL WALDORF ASTORIA CORPORATION, Respondent, and NEW YORK HOTEL TRADES COUNCIL, A. F. of L., Intervener, Respondent.

MEMORANDUM BY THE COURT. The defendant-respondent waived its right to demand arbitration by the steps which it took in defending the action at law. Such conduct amounted to an election of remedies (*Matter of Zimmerman* [*Cohen*], 236 N. Y. 15; *Matter of Nathan Associates,* 268 N. Y. 692). The provisions of the collective bargaining agreement against waiver would not

prevent such election. The present action is brought on behalf of employees to enforce rights as third-party beneficiaries of contracts between the defendant and patrons or guests of its hotel. It is not based on the collective bargaining agreement. The situation in this case would not appear to present a proper case for intervention by a union, which is attempting to defeat the fundamental basis of the suit. The union is not a person adversely affected by a judgment in favor of plaintiff or otherwise a party in interest, and nothing would be gained by allowing it to intervene in the action.

Orders reversed, with $20 costs and disbursements to the appellant, and the motions denied.

PECK, P. J. (dissenting in part). I dissent in respect to the order allowing intervention and vote to affirm. Although plaintiff eschews the collective bargaining agreement between defendant hotel and the intervening union as the basis of his suit, it appears to be the basis of his and other banquet waiters' employment at the hotel. There is at least a question, therefore, of whether their rights are not governed by the collective agreement. This purports to be a representative action in behalf of all the banquet waiters of the hotel and the intervening union claims to be their exclusive representative. As such, and as a party to the collective agreement, and as the representative of other employees who are interested in the subject matter of this action, the distribution of gratuities, it seems to me that the union is entitled to intervene in the action.

Callahan, Van Voorhis and Breitel, JJ., concur in Memorandum by the Court; Peck, P. J., dissents in part, in opinion.

Orders reversed, with $20 costs and disbursements to the appellant, and the motions denied.