■ CLEARVIEW GARDENS FIRST CORPORATION et al., Respondents, v. LITTLE BAY CONSTRUCTION CORPORATION, Appellant, et al., Defendants.— Respondents entered into contracts with appellant to construct rental housing projects. In connection therewith, appellant and others also executed certain agreements, characterized by the parties as indemnity agreements, and certain completion bonds. Claiming a breach of the construction contracts, respondents brought suit against appellant and others on such indemnity agreements and completion bonds. Appellant moved for summary judgment dismissing the complaint, or in the alternative for a stay of the action pending arbitration, asserting in substance that its only liability to respondents was under the construction contracts and that it was improperly sued upon the other collateral agreements, and that it was entitled to arbitration by virtue of the provisions therefor in the construction contracts. The learned Special Term in denying the motion held that the complaint stated a good cause of action, the language of the agreements sued upon making appellant a direct obligor to respondents, that the arbitration provisions of the construction contracts were not part of those agreements although incorporated therein by reference, and that in any event the length of time which had elapsed since the action was started and the various steps taken by appellant in defense of the action, constituted a waiver of appellant's right to arbitration. The appeal is from the order entered thereon. Order affirmed, with $10 costs and disbursements. We agree with the Special Term that the complaint states a good cause of action. (Cf. *White Sewing-Mach. Co.* v. *Bradley*, 16 Ariz. 338.) While we are of the opinion that appellant would not be deprived of the right to arbitration, merely because the agreements sued upon contained no provisions therefor, if in fact the dispute was referable to arbitration under the terms of the construction contracts (cf. *Matter of Hosiery Mfrs. Corp.* v. *Goldston*, 238 N. Y. 22; *Psaty & Fuhrman*, v. *Continental Cas. Co.*, 278 App. Div. 159), that right was waived by appellant's unreasonable delay in making the application for a stay and by the steps

taken by it in defending the action. (Cf. *Nagy* v. *Arcas Brass & Iron Co.*, 242 N. Y. 97; *Simadiris* v. *Hotel Waldorf Astoria Corp.*, 281 App. Div. 665.) Nolan, P. J., Wenzel, Beldock, Ughetta and Kleinfeld, JJ., concur.