In the Matter of the Application of HOSIERY MANU-FACTURERS CORPORATION, Respondent, *v.* NATALIE GOLDSTON et al., Appellants.

**Arbitration — contract — order to arbitrate a final order — answer setting up agreement to arbitrate by way of counterclaim not a waiver of right to demand arbitration and stay of action — when actions on trade acceptances and for goods sold subject to agreement that differences arising under principal contracts were to be arbitrated — assignee of causes of action takes subject to right to arbitrate — only differences arising under contracts providing for arbitration subject thereto.**

1 An order to arbitrate under an arbitration agreement is a final order. It is the end of one special proceeding and the arbitration itself is another special proceeding. (Cons. Laws, ch. 72, as amended by chap. 341, Laws of 1923, adding § 6-a.)

2. While an agreement to arbitrate would not seem to be a proper answer by way of counterclaim such an answer is no less an assertion

of the right to arbitrate and does not constitute a waiver of the right to demand arbitration and a stay of the action.

3. Where the principal contracts which provided for arbitration were entire, actions on trade acceptances representing deliveries in part performance of the contracts and for goods sold and delivered were subject to the defense that there had been no full performance and no obligation to pay until performance was complete. The acceptances and the delivery of the goods sold were on account merely and were subject to the agreement that differences arising under the principal contracts were to be arbitrated.

4. A contention that plaintiff, the assignee of the trade acceptances, and of two other accounts on which she had brought four actions, was not a party to the arbitration contract and was not bound thereby cannot be upheld. She took the assignments subject to the rights of the petitioner.

5. A cause of action based on a separate consignment for sale or a conversion, and not upon a sale and delivery under the principal contracts, is not, however, subject to arbitration. Only the differences arising under the contracts that provide for arbitration are subject thereto.

6. No question of fact as to the existence of the arbitration contract and its relation to the controversy under the Arbitration Law is presented, only the question of law as to the application of the arbitration clause in the principal contracts to the four actions brought.

*Matter of Hosiery Mfrs. Corp.* v. *Goldston,* 206 App. Div. 414, modified.

(Argued February 20, 1924; decided April 1, 1924.)

APPEAL from an order of the Appellate Division of the Supreme Court in the first judicial department, entered November 7, 1923, which reversed an order of Special Term denying a motion by petitioner for an order directing that arbitration proceed in accordance with certain written contracts and for a stay of certain actions and granted said motion.

*Charles H. Tuttle, Martin A. Schenck* and *Charles J. Lane* for appellants. The order appealed from is a final order determining a special proceeding. (*Matter of Red Cross Line* v. *Atlantic Fruit Co.,* 233 N. Y. 373; *Matter of Interocean Mer. Corp.,* 207 App. Div. 164.) There

was no general agreement between the parties for arbitration of all disputes which might arise between them. Hence there was no basis whatever for compelling the plaintiff to submit to arbitration causes of action resting on written agreements not providing for arbitration, merely because the defendant asserted cross demands on other alleged contracts which (it claimed) did provide for arbitration of disputes thereunder. (*Matter of Amalgamated Assn.*, 196 App. Div. 206; *Matter of General Silk Importing Co.*, 200 App. Div. 786, 234 N. Y. 513; *Matter of Priore*, 204 App. Div. 332.) The plaintiff was not a party, by assignment or otherwise, to any contract stipulating for arbitration; and she could not have presented a petition under the Arbitration Law to compel the arbitration of any of the causes of action set forth in her complaints. Her only recourse was to the courts; and the courts were without power to deprive her of her only remedy merely because other contracts between other parties contained stipulations for the arbitration of disputes thereunder. The order below deprived the plaintiff of her constitutional rights to access to the courts and to trial by jury. (*Matter of General Silk Importing Co.*, 198 App. Div. 16; 200 App. Div. 786; 234 N. Y. 513; *Matter of Berkovitz* v. *Arbib & Houlberg*, 230 N. Y. 261.) The decision below was also erroneous in that it held that the hosiery company had not waived its right to arbitration and had not elected to take its remedy in the courts. (*Matter of Zimmerman* v. *Cohen*, 236 N. Y. 15; *Matter of Berkovitz* v. *Arbib & Houlberg*, 230 N. Y. 261; *Smith* v. *Alker*, 102 N. Y. 87; *Grant* v. *Pratt & Lambert*, 110 App. Div. 867; 186 N. Y. 611.)

*Frederick M. Czaki* and *Marion Erwin* for respondent. The appeal should be dismissed as the order appealed from is not a final order in a special proceeding from which an appeal can be taken to this court as a matter of right. (*Matter of Lowenthal*, 233 N. Y. 621; *Cross* v. *Burke,*

146 U. S. 82; *Louisville Trust Co.* v. *Knott*, 191 U. S. 225; *Cohn* v. *Goldman*, 76 N. Y. 284–286; *Matter of Simmons*, 206 N. Y. 577; *City of Johnstown* v. *Wade*, 157 N. Y. 50; *Woodward Brown, etc.,* v. *Juilliard*, 224 N. Y. 697; *Lester* v. *Village of Blasdell*, 216 N. Y. 666.) The petitioner, respondent, has not waived its right to invoke arbitration as against both of the respondents, appellants, nor to stay the four pending actions, instituted by one, as the assignee of the other, predicated upon choses in action growing out of the contracts providing for arbitration which the order appealed from directs shall proceed. (*City of Mt. Vernon* v. *N. Y., N. H. & H. R. R. Co.*, 232 N. Y. 309; *Dobbins* v. *Syracuse, B. & N. Y. R. R. Co.*, 215 N. Y. 674; *Porter* v. *Municipal Gas Co.*, 220 N. Y. 152; *Degnan* v. *General Accident F. & L. A. Co.*, 221 N. Y. 484; *Clark* v. *West*, 193 N. Y. 349; *Hammelt* v. *Linneman*, 48 N. Y. 399; *Alsens* v. *Degnon Cont. Co.*, 222 N. Y. 34; *Zimmerman* v. *Cohen*, 236 N. Y. 15.) The respondent Goldston is a proper and necessary party to these proceedings and, as assignee of the respondent West Branch after maturity and with notice of dishonor, took subject to all equities arising between her assignor and the petitioner and subject to the defenses and offsets of the latter against the former growing out of the contracts which created the causes of action. (*Dickenson* v. *Tysen*, 125 App. Div. 735; *Matter of Lowenthal*, 199 App. Div. 39; 233 N. Y. 621; *Matter of Scott*, 200 App. Div. 599; 234 N. Y. 539; *Sheridan* v. *Mayor, etc.*, 68 N. Y. 30; *Reeves* v. *Kimball*, 40 N. Y. 299; *King* v. *Doane*, 139 U. S. 166; *Title Guarantee Co.* v. *Para*, 155 N. Y. Supp. 333; *Greene* v. *Warwick*, 64 N. Y. 226; *Buffalo S. E. Works* v. *Sun Mutual Ins. Co.*, 17 N. Y. 401; *Pioneer Loan Co.* v. *Cowden*, 128 Minn. 307.)

POUND, J. A motion is made to dismiss the appeal on the ground that the order appealed from is not a final order. An order to proceed to arbitrate under an arbitra-

tion agreement is a final order. We have held (233 N. Y. 373) that it is the end of one special proceeding. The arbitration itself is another special proceeding under the Arbitration Law (Cons. Laws, ch. 72), as amended by chapter 341, Laws of 1923, adding section 6-a to the law. The new section merely makes the arbitration a special proceeding to meet our decision to the contrary. (204 App. Div. 284; affd., 236 N. Y. 587.)

Petitioner and West Branch Knitting Company entered into several written contracts for the purchase and sale of merchandise consisting of hosiery, which provided for settlement of their controversies arising thereunder by arbitration.

Prior to November 11, 1922, disputes had arisen between the parties over the performance of these contracts.

On November 11, 1922, West Branch drew three trade acceptances which petitioner accepted, which stated that they were drawn and accepted and represented deliveries in part performance of the contracts. Petitioner accepted same unconditionally, but did not pay them at maturity, indorsing them " payment suspended until our differences are taken care of." West Branch thereupon assigned them to Natalie Goldston. She brought suit on them in two actions (Nos. 1 & 4). Petitioner admitted the making of the acceptances, but by way of counterclaim set up the contract for arbitration and asked for a stay, alleging that disputes had arisen under the principal contracts which had not been adjusted and setting up cross demands thereunder.

Goldston afterwards brought two actions on other assigned accounts; action No. 2 for merchandise sold and on account stated and action No. 3 on a delivery on consignment of goods for sale on account, which, or the price of which, was alleged to have been wrongfully detained and converted. The same answer was interposed.

With the exception of No. 3 these actions were to recover on trade acceptances given or open accounts created by

Matter of Hosiery Mfrs. Corp. *v.* Goldston. **27**

1924.]          Opinion, per Pound, J.          [238 N. Y. 22]

reason of deliveries made in whole or in part under the contracts which provided for arbitration.

Application for arbitration and a stay was thereafter made at Special Term and denied. The Appellate Division reversed and ordered arbitration of all the above matters and a stay of the four actions pending the termination thereof.

The Special Term held that the petitioner waived the right to demand arbitration and stay the actions by having answered, citing *Matter of Zimmerman* v. *Cohen* (236 N. Y. 15), in which it was held that a party to an arbitration contract who has intentionally waived and abandoned the arbitration agreement and chosen another remedy provided by law may not thereafter enforce the arbitration agreement. The Appellate Division held, properly, it would seem, that petitioner had at all times asserted its right to arbitration and had the right. This seems to have been the only difference between the parties in the courts below. While an agreement to arbitrate would not seem to be a proper answer by way of counterclaim, the answer was no less an assertion of the right to arbitrate. Under the English Arbitration Act, 1889, a stay may not be obtained unless the party after appearance, and before delivering any pleadings or taking any other step in the proceedings applies therefor (*Chappell* v. *North,* 1891 [2 Q. B.] 252), but our Arbitration Law (§ 5) contains no such limitation.

It is now urged that the agreement for arbitration provided only for controversies arising out of the principal contracts and that the accounts and trade acceptances sued on are independent causes of action as to which there was no agreement to arbitrate and that a stay of the trial of those actions was, therefore, unauthorized under Arbitration Law, section 5, which in terms applies only to issues referable to arbitration.

But the principal contracts which provided for arbitration were entire. The actions on the acceptances

and for the goods sold and delivered were, therefore, subject to the defense that there had been no full performance and no obligation to pay until performance was complete. (*Kelso & Co.* v. *Ellis*, 224 N. Y. 528.)

The acceptances and the delivery of the goods sold were on account merely and were subject to the agreement that differences arising under the principal contracts were to be arbitrated.

The further claim is made that Goldston, the plaintiff in actions Nos. 1, 2, 3 and 4, was not a party to the arbitration contract and was not bound thereby. But Goldston took the assignment of acceptances and the account for goods sold and delivered subject to the rights of the petitioner. Arbitration contracts would be of no value if either party thereto could escape the effect of such a clause by assigning a claim subject to arbitration between the original parties to a third party. (*Matter of Lowenthal,* 199 App. Div. 39; affd., 233 N. Y. 621.)

The further claim is made that the cause of action No. 3 was not subject to arbitration as it arose out of a separate contract. The cause of action is based on a separate consignment for sale or a conversion, and not a sale and delivery under the principal contracts. It has been brought under the arbitration clause because it is alleged that petitioner had the right to set off all balances arising under other contracts in adjustment of differences arising under the principal contracts.

All differences between the parties were not subject to arbitration; only the differences arising under the contracts that provided for arbitration. (*Matter of Priore* v. *Schermerhorn,* 237 N. Y. 16.) Action No. 3 is outside the terms of the arbitration agreements.

It is urged that preliminary questions of fact as to the existence of the arbitration contract and its relation to the controversy under Arbitration Law, section 3, should have been disposed of by a jury. This was the claim of the respondent, not the appellant, at the Special Term,

but no such question of fact is presented, only the question of law as to the application of the arbitration clauses in the principal contracts to actions Nos. 1, 2, 3 and 4.

The order herein should be modified by denying petitioner's motion for arbitration as to action No. 3, and by vacating the stay of proceedings therein, and as so modified it should be affirmed, without costs.

HISCOCK, Ch. J., CARDOZO, McLAUGHLIN, CRANE and ANDREWS, JJ., concur; LEHMAN, J., not sitting.

Ordered accordingly.