BERTHOLD NAGY, Respondent, *v.* ARCAS BRASS AND IRON COMPANY, INC., Appellant.

Arbitration — waiver — pleading — unreasonable delay in making application for arbitration may justify finding of waiver — agreement to arbitrate not properly pleaded as defense or counterclaim — when pleaded rebuts any inference that might be drawn from mere service of answer.

1. While the interposition by one sued of an answer claiming his right to arbitrate, even if he also pleads an independent counterclaim, is not in itself sufficient to justify a refusal of relief asked for under sections 3 and 5 of the Arbitration Law (Cons. Laws, ch. 72), yet unreasonable delay in making the proper application may justify a finding of waiver. The Arbitration Law contemplates prompt action.

2. While the agreement to arbitrate is not itself properly pleaded either as a defense or a counterclaim, when pleaded it is no less an assertion that the defendant does not intend to abandon his rights, and so rebuts any inference that would otherwise be drawn from the mere service of the answer.

*Nagy* v. *Arcas Brass & Iron Co.*, 213 App. Div. 830, affirmed.

(Argued January 14, 1926; decided January 22, 1926.)

Appeal, by permission, from an order of the Appellate Division of the Supreme Court in the second judicial department, entered March 13, 1925, which affirmed an order of Special Term denying a motion by defendant to direct arbitration of certain controversies pursuant to a contract to that effect.

*Robert K. Story, Jr.,* and *John H. W. Krogmann* for appellant. Defendant by interposing an answer containing counterclaims did not waive its right to arbitration so long as it asserted that right in its answer. (*Hiltl Co., Inc.,* v. *Bischoff,* 119 Misc. Rep. 572; *Matter of Hosiery Manufacturing Corp.* v. *Goldston,* 238 N. Y. 22; 206 App. Div. 414; *Matter of Bauer Co.,* 206 App. Div. 423; *Kenvin & Glass Co., Inc.,* v. *Huylers,* 202 App. Div. 739 )

*M. Milton Gewertz* for respondent. Defendant by interposing an answer which contained a counterclaim, waived its right to arbitration, in spite of the fact that it pleaded its right to arbitration in its answer. (*Matter of Zimmerman* v. *Cohen,* 236 N. Y. 15; *Hosiery Manufacturing Corp.* v. *Goldston,* 238 N. Y. 22.)

Per Curiam. A party to an arbitration agreement may waive his rights thereunder. (*Matter of Zimmerman* v. *Cohen,* 236 N. Y. 15.) A refusal by him to arbitrate upon demand duly made by the other side constitutes such a waiver. So if sued, while the interposition by him of an answer claiming his right to arbitrate, even if he also pleads an independent counterclaim, is not in itself sufficient to justify a refusal of relief asked for under sections 3 and 5 of the Arbitration Law (Cons. Laws, ch. 72), yet unreasonable delay in making the proper application may justify a finding of waiver. While the agreement to arbitrate is not itself properly pleaded either as a defense or a counterclaim, when pleaded it is no less an assertion that the defendant does not intend to abandon his rights, and so rebuts any inference that would other-

wise be drawn from the mere service of the answer. (*Matter of Hosiery Manufacturers Corp.* v. *Goldston,* 238 N. Y. 22.) But the Arbitration Law contemplates prompt action and too long a delay in seeking appropriate relief may be easily construed as an indication that this claim is waived.

Upon the record before us the Appellate Division may have affirmed the order of the Special Term either because it found that the defendant had refused to arbitrate before the action was begun or else that because of the great delay on its part it intended to waive what would otherwise have been its right. In view of this possibility we may not interfere with the result reached by it.

The order appealed from should be affirmed, with costs.

HISCOCK, Ch. J., POUND, MCLAUGHLIN, CRANE, ANDREWS and LEHMAN, JJ., concur; CARDOZO, J., absent.

Order affirmed.