In the Matter of the Application of CHAPMAN-KRUGE CORPORATION to Stay the Trial of an Action Pending in the City Court of the City of New York, County of Kings, until Arbitration Has Been Had under a Written Agreement. CHAPMAN-KRUGE CORPORATION, Appellant; HARRY JAFFE, Doing Business as H. JAFFE HOUSEWRECKING Co., Respondent.— Order of the Special Term, denying petitioner's application for a stay of a certain action in the City Court of the City of New York reversed on the law and the facts, with ten dollars costs and disbursements, and the motion granted, with ten dollars costs. The City Court of the City of New York could not pass upon the question whether or not the arbitration body's decision was a bar to the action, because the matter raising that question and pleaded as a defense is not a defense ( Nagy v. Arcas Brass & Iron Co., 242 N. Y. 97, 98), but merely an indication of an intent not to waive rights under the arbitration agreement. Moreover, the City Court has no jurisdiction to act pursuant to the Arbitration Law. (Matter of Kipp v. Hamburg-American Line, 228 App. Div. 802.) The remedy of Jaffe, if he was aggrieved

by the decision of the arbitration body, or the manner in which it was organized or conducted, was to move in a timely fashion under section 1457 of the Civil Practice Act, which section is in effect incorporated in the Arbitration Law (§ 8), since it is the successor of section 2374 of the Code of Civil Procedure. The interposing of an answer in the City Court action and asserting counterclaims therein did not constitute a waiver of the right to insist upon the arbitration provision in the contract between the parties. (*Matter of Hosiery Mfrs. Corp.* v. *Goldston*, 238 N. Y. 22; *Nagy* v. *Arcas Brass & Iron Co., supra.*) The petitioner was not guilty of laches in moving for the stay in view of the assertion in the City Court action of an intent to stand on the arbitration body's decision and in view of that body's decision being, although not confirmed, in favor of the petitioner. Appeal from order denying motion for reargument dismissed. Lazansky, P. J., Young, Hagarty, Carswell and Davis, JJ., concur.