In the Matter of IRA HAUPT et al., Copartners under the Firm Name of IRA HAUPT & Co., Appellants, against MORRIS ROSE, Respondent.

(Submitted May 21, 1934; decided July 3, 1934.)

*Harold F. Levin* and *S. Harry Eilenberg* for appellants.

*Harry T. Zucker* and *Sydney J. Schwartz* for respondent.

CROUCH, J.  As part of the contract between Haupt & Co., stockbrokers, and Rose, a customer, there was a provision that any controversy between them should be

determined by arbitration. On June 29, 1933, Haupt & Co. demanded that a controversy which had arisen should be submitted to arbitration. Upon failure of Rose to proceed in accordance with the demand, a motion was made for an order directing arbitration and staying the trial of an action theretofore commenced by Rose against Haupt & Co. The motion was denied at Special Term and the order was affirmed by the Appellate Division. The ground for denial was that Haupt & Co. had waived their right to insist upon arbitration by electing to proceed at law. The point seems to be that when Rose invited Haupt & Co. to litigate the controversy by action, Haupt & Co. first accepted the invitation, and then by this motion attempted to repudiate it. The question is one of election. The controversy arose early in 1932. Rose made a demand which was refused by Haupt & Co. Then followed some talk about compromise. Thus was consumed upwards of a year. Thereafter the sequence of events was as follows: The summons and complaint in Rose v. Haupt & Co. were served on April 5, 1933. On April 24, 1933, the parties entered into a stipulation extending the time of Haupt & Co. to move or answer. On May 5, 1933, Haupt & Co. moved to dismiss the complaint and in the alternative separately to state and number. This motion, returnable on May 10, 1933, was adjourned to May 17, 1933, and on that day submitted for decision. On May 30, 1933, the decision was handed down, denying the motion to dismiss the complaint, but granting the motion separately to state and number. On June 28, 1933, Rose served an amended complaint separately stating and numbering his alleged causes of action. On the following day Haupt & Co. made the demand for arbitration, and on July 5, 1933, moved under the Arbitration Law (Cons. Laws, ch. 72).

We are unable to see that there was such delay in acting or such unequivocal act by Haupt & Co. as to constitute an election and waiver. Rose claimed to be

the aggrieved party; the offensive lay with him. By tradition a defendant may ordinarily let a sleeping dog lie until he is in danger of being bitten; though he may play with the danger too long. (*Nagy* v. *Arcas Brass & Iron Co.*, 242 N. Y. 97.) When Rose served his complaint, Haupt & Co. was entitled to have its sufficiency tested and, in any event, to have it framed as required by law before an imperative duty arose to make an election. The choice of tribunal at that point rested with Haupt & Co. By its answer it might accept or decline the invitation tendered by Rose. In *Matter of Zimmerman* v. *Cohen* (236 N. Y. 15) the invitation was held to have been accepted because no right to arbitrate was asserted by the answer or otherwise, and because for a period of two years thereafter steps in the ordinary manner were taken in the action. In *Matter of Hosiery Mfrs. Corp.* v. *Goldston* (238 N. Y. 22) the right to arbitrate was asserted by answer, followed by an application under the Arbitration Law; thereby, it was held, the plaintiff's invitation had been declined. Here Haupt & Co., following the service of the amended complaint, moved promptly and before its time to answer expired. The only election made by Haupt & Co. was to proceed by arbitration.

The orders should be reversed and the motion granted, with costs in all courts.

POUND, Ch. J., CRANE, LEHMAN, O'BRIEN, HUBBS and LOUGHRAN, JJ., concur.

Orders reversed, etc.