JOSEPH S. LEVY and Another, Respondents, v. YETTA GINSBERG, Defendant, and 7724 HOLDING CORPORATION, Appellant.—Action to have certain conveyances of real property declared fraudulent and void and set aside and canceled. Judgment unanimously affirmed, with costs. No opinion. Present — Lazansky, P. J., Hagarty, Carswell, Tompkins and Davis, JJ.

GEORGE LUMSDEN and Another, Individually and on Behalf of All Other Stockholders of LUMSDEN BROS. & TAYLOR, INC., Appellants, v. LUMSDEN BROS. & TAYLOR, INC., and Others, Defendants, and LEO WEINMAN, Respondent.— Order reversed on the law and the facts, with ten dollars costs and disbursements, and the motion to strike out the first defense setting up an arbitration agreement granted, with ten dollars costs. The cause of action is a derivative one whereby certain stockholders, suing on behalf of themselves and other stockholders, seek relief for alleged wrongful acts of the individual defendants as officers and directors of Lumsden Bros. & Taylor, Inc., in selling, transferring and alienating all of the property of said corporation to defendant David W. Taylor, and in organizing the corporation, Taylor Knit Web Corporation, for the purpose of taking and holding that property, it being alleged that the sole stockholders of the latter corporation are the defendants David W. Taylor and Leo Weinman; and for wrongful acts on the part of said individual defendants in their acts as officers and directors in wasting and dissipating the assets of the first-named corporation to render it insolvent and to defraud its creditors and stockholders. It does not appear how there could be an agreement to arbitrate a controversy of this nature made in advance; and the answer does not set up a copy of the alleged arbitration agreement or state its contents. Such an agreement, if made, is not a defense to the action otherwise than to indicate that a defendant has not waived his right to arbitrate. (*Nagy* v. *Arcas Brass & Iron Co.*, 242 N. Y. 97, 98; *Matter of Hosiery Mfrs. Corp.* v. *Goldston*, 238 id. 22; *Matter of Chapman-Kruge Corporation*, 239 App. Div. 795.) If the respondent had a valid arbitration agreement, his remedy is prescribed in sections 3 and 5 of the Arbitration Law, and long ago he should have made a motion to direct that the arbitration proceed and to stay this action. That remedy is still open to him unless he has waived it or is guilty of laches (*Matter of Haupt* v. *Rose*, 265 N. Y. 108); but he cannot plead such arbitration agreement in bar of this action. Lazansky, P. J., Young, Scudder, Tompkins and Davis, JJ., concur.

JOHN McGILL, Appellant, v. ADAM E. FOX, Respondent.—Action to recover for personal injuries resulting from a collision between two motor cars traveling in the same direction. Appeal from judgment in favor of defendant and from order denying plaintiff's motion to set aside the verdict and grant a new trial. Judgment and order unanimously affirmed, with costs. No opinion. Present — Lazansky, P. J., Young, Carswell, Scudder and Tompkins, JJ.

LOUIS MORANDINI, Respondent, v. JOHN STACEY and Another, Appellants.— Order denying defendants' motion to open their default and vacate judgment entered after inquest affirmed, with ten dollars costs and disbursements. No opinion. Lazansky, P. J., Young, Carswell, Scudder and Tompkins, JJ., concur.