In the Matter of the Application of RALPH CATINO CONTRACTING Co., INC., Petitioner, to Compel GELSON REALTY CORPORATION, Respondent, to Submit to Arbitration and for a Stay.

Supreme Court, Bronx County, January 4, 1940.

*Horace Valenstein,* for the petitioner.

*Samuel Ansel,* for the respondent.

NOONAN, J. The petitioner applies for an order directing that the dispute between the parties be arbitrated as provided for in the contract between the parties dated April 5, 1938, and staying all proceedings against the petitioner in the action pending in the City Court, Bronx county.

On April 5, 1938, the petitioner, Ralph Catino Contracting Co., Inc., entered into a written contract with the respondent, Gelson Realty Corporation, whereby the petitioner agreed to do concrete and excavation work for the respondent.

Paragraph 18 of the contract contains a clause that " All questions that may arise under this contract and in the performance of the work thereunder shall be submitted to arbitration at the choice of either of the parties hereto. The demand for arbitration shall be filed in writing with the Architect." On December 30, 1938, petitioner filed a written demand with the architect and the respondent that an arbitration be had concerning their differences. No reply was made thereto and on January 19, 1939, a second demand was served upon the architect.

On February 14, 1939, the respondent instead of settling its claim by arbitration, commenced an action to recover damages amounting to $1,536.37 for breach of contract against the petitioner and Thomas Scalera and Frank Scalera, doing business as Scalera Brothers. In that action brought in the City Court, Bronx county, the petitioner's amended answer is in the nature of a general denial and among other defenses sets up paragraph 18 of the contract and the failure of the respondent to comply with the demands for arbitration made by the petitioner.

The amended answer also contains a counterclaim against the respondent and a cross-claim against the other defendants in the action, Thomas Scalera and Frank Scalera doing business as Scalera Brothers, to recover an alleged overpayment made by the petitioner herein to said Scalera Brothers, the subcontractor.

In opposition to the present motion the respondent urges (1) the petitioner has waived its right to arbitration; (2) that petitioner is

guilty of laches; (3) that to compel arbitration would work an injustice, and (4) that the arbitration clause was not intended by the parties to be part of the contract.

The waiver of the right to arbitration is based upon the following course of procedure taken by the petitioner in the City Court action: (1) Service of an amended answer and a demand for a bill of particulars; (2) the making of a motion to preclude for failure to serve a bill of particulars: (3) a motion made by petitioner for judgment on the pleadings; (4) a written demand that the City Court action be noticed for trial; (5) the submission by petitioner to an examination before trial.

In my opinion none of these steps taken by the petitioner in the City Court action constituted a waiver of its right to an arbitration. In *Nagy* v. *Arcas Brass & Iron Co., Inc.* (242 N. Y. 97), it was held that the service of an answer claiming the right of arbitration, although an independent counterclaim was also pleaded, is not sufficient to justify a refusal of the relief sought under sections 3 and 5 of the Arbitration Law. The court said: " While the agreement to arbitrate is not itself properly pleaded either as a defense or a counterclaim, when pleaded it is no less an assertion that the defendant does not intend to abandon his rights, and so rebuts any inference that would otherwise be drawn from the mere service of the answer. (*Matter of Hosiery Manufacturers Corp.* v. *Goldston,* 238 N. Y. 22.) "

The written demand that the City Court action be noticed for trial was not inconsistent with the separate defense in the amended answer that the defendant was relying upon the arbitration clause in the contract. The plea of the arbitration clause in the amended answer indicated a clear intention by the petitioner not to waive the right to an arbitration. (*Matter of Chapman-Kruge Corp.,* 239 App. Div. 795.) It may be noted that in the last cited case the court said that the arbitration clause in the contract was not a defense " but merely an indication of an intent not to waive rights under the arbitration agreement." In *Lumsden* v. *Lumsden Bros. & Taylor, Inc.* (242 App. Div. 852), the court said: " Such an agreement, if made, is not a defense to the action otherwise than to indicate that a defendant has not waived his right to arbitrate." (See, also, *Nagy* v. *Arcas Brass & Iron Co., Inc., supra; Matter of Hosiery Mfrs. Corp.* v. *Goldston,* 238 N. Y. 22.) None of the other steps taken by the petitioner in the City Court action, namely, its demand for a bill of particulars, its motion to preclude for failure of respondent to serve a bill of particulars, nor the making of a motion for judgment on the pleadings, constituted a waiver. These were all steps taken in an action in which the petitioner had pleaded the

arbitration clause in the contract as an indication of an intent not to waive his rights under it. (*Matter of Haupt* v. *Rose*, 265 N. Y. 108.) In *Matter of Zimmerman* v. *Cohen* (236 N. Y. 15), relied upon by the respondent, no right to arbitration was asserted either by the answer or otherwise, and for a period of nearly two years after the action was placed upon the calendar of the court, the usual procedural steps were taken in the action. The court there pointed out: " The plaintiffs made their election when they brought their action against the defendant ignoring the agreement to arbitrate. The defendant made his election when he answered, setting up a counterclaim upon which he asked the court to give judgment against the plaintiffs, gave notice of trial and procured an order for the taking of a deposition in preparation for trial. These acts were clearly inconsistent with the defendant's later claim that the parties were obligated to settle their differences by arbitration."

Similarly, in *Matter of Young* v. *Crescent Development Co.* (240 N. Y. 244), also relied upon by the respondent, the court held that by the filing in the county clerk's office and service upon the owner of three notices of mechanic's liens before an application was made to require the owner to submit his claim to arbitration, the respondents " set out on a course so inconsistent with arbitration that they must be regarded as having decisively elected to waive and abandon their right to that course."

There is no merit in the contention that the petitioner is guilty of laches. True, the petitioner waited for about seven months before making this motion for a stay of the City Court action, but mere delay would not amount to laches where the respondent has not been harmed thereby. If the respondent had desired a speedy trial it could have placed the City Court action on the calendar in March and need not have waited until October after the petitioner had demanded that the action be placed upon the calendar.

The third objection that to compel arbitration would work an injustice is likewise without merit. The respondent claims that the contract required the petitioner to do the excavation and foundation work and that the petitioner in turn employed the defendants Scalera Brothers to do this work. It is also contended that in their answer in the City Court action Scalera Brothers have set up a counterclaim against the respondent in the sum of $2,203.80 for certain additional excavation work, and that the petitioner's answer in the City Court action contains a counterclaim based on an alleged claim for additional excavation work and that Scalera Brothers could not be made a party to the arbitration because Scalera Brothers have not made any agreement to arbitrate either with the petitioner or the respondent. None of the pleadings in the City

Court action were submitted on this motion, except the amended answer of the petitioner. The third separate defense and counterclaim of the petitioner in that action contains a claim for a balance due for extra work and materials, amounting to $725.05. There is also a cross-claim by the petitioner against the defendant Scalera Brothers in the sum of $518.78 to recover overpayments made to said defendants. I am not convinced from the papers submitted to me that the claims of both parties, so far as Scalera Brothers is concerned, in any way relate to the petitioner's right to arbitration. Regardless of the controversy as between Scalera Brothers and each of the parties hereto, the petitioner's right to arbitration seems to me to be entirely unaffected by this collateral claim. It may be provided in the order to be entered herein that the controversy or controversies between Scalera Brothers and each of the parties hereto be severed and that an arbitration be had of the issues between the petitioner and the respondent wholly unaffected by the collateral litigation with Scalera Brothers.

The final objection that paragraph 18th was not intended to be part of the contract between the parties is entirely groundless since it is unsupported by any facts. Paragraph 18th is one of the printed paragraphs in the contract and if the parties did not intend that this paragraph should remain in the contract it could easily have been stricken out. There is no basis in fact for the assertion made by the respondent that the " whole agreement made between the parties is set forth in paragraphs 1, part of 13, 19, 20, 21 and 22 of the contract and the rider dated April 8th, 1938." The contract is one of the usual forms known as " Architects and Builders Contract " and contains eighteen printed paragraphs. There are also four typewritten paragraphs as well, and a rider which relates to a guaranty by Scalera Brothers of the performance of the contract by the petitioner. The respondent may not arbitrarily select portions of the contract and claim that those selected were the only parts thereof intended to be in force. Any of the printed paragraphs could have been stricken out had it been the intention of the parties that they were not to be operative. Paragraph 18th is as much a part of the contract as the other printed paragraphs, none of which were stricken out.

It seems to me that the petitioner intended to rely upon the arbitration clause in the agreement, since it made a demand upon the architect and the respondent that an arbitration be had. This was followed by a claim for arbitration in its amended answer when the respondent brought suit in the City Court. Under the circumstances the procedural steps taken in the City Court action did not constitute an election to waive the right to an arbitration.

The motion is granted. Settle order.