In the Matter of P. S. Thorsen & Company, Inc., Petitioner. Joseph Neves, Respondent.

Supreme Court, Special Term, Queens County, July 13, 1942.

*Hammer & Dickler* for petitioner.

*Joseph S. Rodell* for respondent.

Froessel, J.   This is an application for a stay of a pending Municipal Court action brought by the respondent against the petitioner, in which issue was joined by the service of an answer asserting the right to arbitration.

In the Municipal Court action, the respondent sued "to recover the difference between wages actually paid and wages provided under contract between defendant and Local 13 Industrial Union of Marine and Shipbuilding Workers of America, of which plaintiff is a member in good standing, while plaintiff was in employ of defendent between November 18, 1941 and March 17, 1942." The contract referred to, and upon which the respondent relies, was made on June 5, 1941, terminable on June 5, 1942, between petitioner herein, his employer, designated as the "Company," and said Local 13 (as well as Local 15), designated as the "Union." It provided that: "This agreement * * * shall extend to and be binding upon the Company, its successors or assigns and the Union *and each of its present and future* members, jointly and severally." (Italics mine.)

In addition to numerous provisions beneficial to the members of the Union, the agreement provided in paragraph IV for wage rates and automatic increases semi-annually, upon which provision it appears that respondent bases his Municipal Court action. It also provided (paragraph XVII) how grievances between one or more "aggrieved" employees shall be adjusted. In the following paragraph (XVIII), we find the following provision: "All disputes, complaints or grievances arising between the parties to this agreement involving any question of interpretation or the application of any clause of this agreement, *shall be adjusted* by negotiation between the parties, if possible, *as set forth in the preceding paragraphs, failing that, the matter shall be decided by arbitration.*" (Italics mine.) The words I have italicized indicate that grievances relating to a single employee if not adjusted under paragraph XVII, are to be "decided by arbitration." The papers before me show that both the Union and the employer are willing to arbitrate the dispute in question. Under these circumstances, respondent cannot avail himself of the benefits of the contract in question, without observing its provisions, including the provision for arbitration.

Section 1448 of the Civil Practice Act, as amended by chapter 851 of the Laws of 1940, and as applicable here, provides as follows: "A provision in a written contract between a labor organization * * * and employer * * * to settle by arbitration a controversy * * * thereafter arising between the parties to the contract including but not restricted to controversies dealing with rates of pay, wages, hours of employment or other terms and conditions of employment *of any employee* * * * shall likewise be valid, enforceable and irrevocable * * *." (Italics mine.)

The fact that in some prior litigation arbitration was not availed of does not affect the right to arbitration here. Petitioner points out that it is engaged in the execution of national defense contracts, and inasmuch as over eighty-five man hours were lost through the necessary attendance of witnesses in connection with the prior litigation and other actions are now threatened, it asks for arbitration not only as a matter of right but in the interest of expedition and non-interference with the war effort.

It has asserted its right timely. (*Matter of Haupt* v. *Rose*, 265 N. Y. 108.) Accordingly, the motion is granted.