AMERICAN RESERVE INSURANCE COMPANY, Respondent, *v.* CHINA INSURANCE COMPANY, LIMITED, Appellant.

Argued March 9, 1948; decided April 22, 1948.

*James B. Burke* for appellant. I. There exist questions between the parties which call for arbitration under the treaty. II. The arbitration agreement in the treaty is binding upon respondent and appellant. (*Gilbert* v. *Burnstine,* 255 N. Y. 348; *Matter of Heyman, Inc.,* v. *Cole Co.,* 242 App. Div. 362; *Matter of Zimmerman* v. *Cohen,* 236 N. Y. 15.) III. Respondent's own papers upon which the warrant of attachment was granted show that it has no standing before the courts. An arbitration award is a condition precedent to an action in rem as well as in personam. IV. Respondent should not be allowed to obtain or support its attachment by its own breach of agreement to arbitrate. (*Blossom* v. *Estes,* 84 N. Y. 614.) V. A stay of proceedings pending arbitration is no protection to appellant. VI. The stay of proceedings provided for by section 1451 of the Civil Practice Act is not the exclusive relief available to the appellant. (*Auerbach* v. *Grand Nat. Pictures, Ltd.,* 176 Misc. 1031, 263 App. Div. 712.)

*Arnold T. Koch* for respondent. I. The arbitration clause is no ground for vacatur. (*Matter of Zimmerman* v. *Cohen,* 236 N. Y. 15; *Nagy* v. *Arcas Brass & Iron Co.,* 242 N. Y. 97; *Matter of Haupt* v. *Rose,* 265 N. Y. 108; *Couper* v. *Malliet,* N. Y. L. J., Dec. 23, 1944, p. 181; *Wulfsohn* v. *Russian Republic,* 234 N. Y. 372; *Bard-Parker Co.* v. *Dictograph Products Co.,* 258 App. Div. 638; *Kneapler* v. *Braufman,* 266 App. Div. 756; *Jones* v. *Hygienic Soap Granulator Co.,* 110 App. Div. 331; *Auerbach* v. *Grand Nat. Pictures, Ltd.,* 176 Misc. 1031, 263 App. Div. 712; *Murdoch* v. *City of Asbury Park,* 48 F. Supp. 18; *Goldstein* v. *Schleifer,* 209 App. Div. 899.) II. The arbitration

clause does not cover the " controversy " alleged to exist between the parties. (*Gross* v. *Mendel,* 171 App. Div. 237, 225 N. Y. 633; *Sokoloff* v. *National City Bank,* 239 N. Y. 158; *Parker* v. *Hoppe,* 257 N. Y. 333, 258 N. Y. 365; *Gerard* v. *Bank of New York & Trust Co.,* 240 App. Div. 531; *Matter of Webster* v. *Van Allen,* 217 App. Div. 219; *Matter of Kelley,* 240 N. Y. 74; *Matter of Lehman* v. *Ostrovosky,* 264 N. Y. 130; *Matter of Eagar Constr. Corp.* v. *Ward Foundation Corp.,* 255 App. Div. 291; *Matter of Marchant* v. *Mead-Morrison M. Co.,* 252 N. Y. 284.) III. It would be futile and unconscionable to compel arbitration herein. (*Matter of Wenger & Co.* v. *Proper S. H. Mills,* 239 N. Y. 199; *Matter of Webster* v. *Van Allen,* 217 App. Div. 219.)

CONWAY, J. The plaintiff, a New York insurance company, entered into a treaty with the defendant, an insurance company organized and existing under and by virtue of the laws of the Republic of China, with its principal office at Shanghai, China, for the reinsurance of certain Chinese risks. Under a formula set up in the treaty, defendant was to pay to plaintiff certain premiums and the plaintiff was to reimburse defendant for losses. Statements of account were to be rendered quarterly, and payment was to be made by the plaintiff if losses exceeded premiums due, or by the defendant if the accrued premiums exceeded losses. The defendant, in July, 1946, sent plaintiff a statement of account covering the period from April 1, 1945, to March 31, 1946. That statement showed a balance due plaintiff of 4,117,135.59 Chinese national currency dollars, the United States dollar equivalent of which was $95,318.67. In August, plaintiff requested payment. Defendant replied in October that it was prevented from paying the amount due, " not by our own unwillingness to remit to you your due balances, but solely by rulings promulgated by our government that foreign exchange will not be sanctioned by our government Banks for reinsurance premiums." The defendant also said: " Your credit balance is at present being retained by us, and we shall be glad to receive your advices."

The treaty of reinsurance contained an arbitration clause, which, except for the provisions relating to the appointment of arbitrators, is as follows:

" In the event of any question arising as to the meaning of or in any way connected with or relating to this Agreement whether before or after the termination of the notice under this Agreement such question shall be settled in an equitable rather than a legal manner and all differences shall be referred to * * * Arbitration in Chungking * * *. The obtaining of an Award under the procedure herein provided shall be a condition precedent to any right of action in respect of any claim. The Arbitrators and Umpire will not have to undergo any judicial formalities and may abstain from following the strict rules of Law."

Plaintiff brought suit in the Supreme Court for the balance due and procured an ex parte warrant of attachment against the property of the defendant in the New York City branch of the Bank of China.

The defendant, appearing specially, moved to vacate and set aside the warrant. That motion was denied at Special Term and the Appellate Division affirmed, certifying the following question: " In view of the provisions for arbitration in the reinsurance treaty between the plaintiff-respondent and the defendant-appellant and the absence of any arbitration award should the warrant of attachment obtained herein by the plaintiff-respondent be vacated?"

Under sections 902 and 903 of the Civil Practice Act a plaintiff seeking an attachment must show, *inter alia,* that he has a cause of action. If plaintiff's complaint and affidavits fail to establish a prima facie cause of action, or if they clearly establish the plaintiff must ultimately be defeated, the defendant may vacate the warrant of attachment. (*Zenith Bathing Pavilion* v. *Fair Oaks S. S. Corp.,* 240 N. Y. 307, 311; *Wulfson* v. *Russian Republic,* 234 N. Y. 372, 377; *Lamborn* v. *Lake Shore Banking & Trust Co.,* 231 N. Y. 616; *California Packing Corp.* v. *Kelly Storage & Distributing Co.,* 228 N. Y. 49, 53–54; *Bard-Parker Co.* v. *Dictograph Products Co.,* 258 App. Div. 638, 640; 7 Carmody on New York Pleading and Practice, pp. 601, 621.)

The defendant contended in the Appellate Division that there are matters of dispute concerning the meaning of the treaty of reinsurance, and that, under the arbitration clause above quoted, these must be referred to arbitration before any action may be brought under the treaty. Since the " obtaining of an Award

\* \* \* shall be a condition precedent to any right of action in respect of any claim ", defendant urges that plaintiff has not established a prima facie case in his complaint and affidavits, and accordingly, that the warrant of attachment should be vacated. The plaintiff urges that even if there be arbitrable matters, the only manner in which to enforce the right to arbitrate is through the procedure provided by the Legislature in the Civil Practice Act.

Before the adoption of the Arbitration Law in 1920, a party might disregard his agreement to arbitrate all disputes under a contract, for such agreements were held to be attempts to " oust a court of law or equity of jurisdiction ", and there was no effective means of enforcing them. (*President, Managers & Co. of D. & H. Canal Co. v. Pennsylvania Coal Co.,* 50 N. Y. 250, 258; *Hurst* v. *Litchfield,* 39 N. Y. 377; *Finucane Co.* v. *Board of Education,* 190 N. Y. 76, 83.) It was only through action by the Legislature that these difficulties were removed. " Under the new statute [1920] arbitration became both orderly and enforcible and was made subject in effect to a decree for specific performance." (*Matter of Feuer Transp., Inc.* [*Local No. 445*], 295 N. Y. 87, 91.) What is now section 1451 of the Civil Practice Act was originally enacted as section 5 of the Arbitration Law (L. 1920, ch. 275). That section provides: " § 1451. *Stay of proceedings brought in violation of an arbitration contract or submission.* If any action or proceeding be brought upon any issue otherwise referable to arbitration under a contract or submission \* \* \* the supreme court, or a judge thereof, upon being satisfied that the issue involved in such action, or proceeding is referable to arbitration under a contract or submission \* \* \* shall stay all proceedings in the action or proceeding until such arbitration has been had in accordance with the terms of the contract or submission."

We think that the stay provided for in this section is the *exclusive* remedy for a person against whom an action has been brought in violation of an agreement to arbitrate. The Legislature has provided a means of enforcing that which was previously unenforcible; the defendant in such an action must use those means or none at all. This court has indicated — and lower courts have held — that it is not even proper for the defendant in such an action to plead the arbitration agreement

as a defense or counterclaim. (See *Nagy* v. *Arcas Brass & Iron Co.*, 242 N. Y. 97; *Matter of Hosiery Manufacturers Corp.* v. *Goldston*, 238 N. Y. 22; *Lumsden* v. *Lumsden Bros. & Taylor, Inc.*, 242 App. Div. 852; *Matter of Chapman-Kruge Corp.*, 239 App. Div. 795.) Certainly, it cannot be said that a plaintiff fails to state a prima facie cause of action merely because the contract upon which suit is brought contains an agreement to arbitrate. Defendant's sole remedy is to apply for a stay of plaintiff's action until the arbitration has been had.

The fact that the arbitration clause in the treaty of reinsurance states that '' The obtaining of an Award * * * shall be a *condition precedent* to any right of action in respect of any claim '', does not give defendant greater rights. (Emphasis supplied.) Under the present provisions of the Civil Practice Act (§§ 1450, 1451), whether or not it is expressly so stated in the agreement to arbitrate, the obtaining of an award is, in effect, a condition precedent to a right of action; but, as pointed out above, the sole manner of enforcement is under section 1451 of the Civil Practice Act.

Defendant also points out that even if it were granted a stay of the action brought by plaintiff, it could not force plaintiff to submit to arbitration because the arbitration was to take place in Chungking. Hence, defendant says the plaintiff '' by its caprice could fail to proceed with the arbitration as called for by the contract, hoping that by the pressure of delay it could obtain concessions '' from the defendant whose funds meanwhile would be under attachment. If defendant does obtain a stay pending arbitration, and if plaintiff does refuse to arbitrate, that may be ground for Special Term, *in its discretion*, to vacate the warrant of attachment. We cannot say as a matter of law that the warrant should be vacated on that suppositious and nonexistent ground. The same may be said as to the possible conduct of the defendant if the attachment be vacated and the money transferred to China.

The order of the Appellate Division should be affirmed, with costs, and the question certified answered in the negative.

LOUGHRAN, Ch. J., LEWIS, DESMOND, THACHER, DYE and FULD, JJ., concur.

**Order affirmed, etc.**