Charles E. Murphy, J.
Motions by the plaintiff to strike certain affirmative defenses of the individual defendants under rules 103 and 109 of the Rules of Civil Practice.
Prior to July 23, 1948, the plaintiff Pfeiffer owned all the stock of the Quality Cake Baking Corporation. By agreement dated July 23, 1948 the plaintiff sold this stock to the defendant Berke Bakeries, Inc., in return for which he received 350 shares of stock in the latter corporation. The defendant Irving M. Berke was a party to that agreement. It was provided that the plaintiff should work as an employee of Berke Bakeries, Inc., for a period of three years.
The plaintiff has undertaken to commence a shareholder’s derivative action against the directors and officers of Berke Bakeries, Inc., alleging certain acts of misconduct. The answer of the individual defendants consists of general denials and seven affirmative defenses. The plaintiff has moved to strike the fifth and seventh affirmative defenses under rule 103, and the third, fourth and sixth affirmative defenses under rule 109.
The fifth affirmative defense alleges that the agreement of July 23, 1948 provided that any dispute between any of the *920 parties thereto arising out of the agreement or the operations and conduct of the corporation’s business was to be submitted to arbitration. The individual defendants contend that the dispute which is now before the court is required by this agreement to be submitted to arbitration. An agreement to arbitrate the issues arising in a shareholder’s derivative suit has been held to be unenforcible as against public policy. (Lumsden v. Lumsden Bros. & Taylor, 242 App. Div. 852; Matter of Diamond, 80 N. Y. S. 2d 465, 467.) Moreover, it is improper for the defendant to plead the arbitration agreement as a defense or counterclaim. The defendant’s sole remedy is to apply for a stay of plaintiff’s action pursuant to section 1451 of the Civil Practice Act. (American Reserve Ins. Co. v. China Ins. Co., 297 N. Y. 322, 326-327.) The plaintiff’s motion to strike the fifth affirmative defense is therefore granted.
The seventh affirmative defense alleges that the defendant Berke Bakeries, Inc., instituted proceedings for an arrangement pursuant to chapter XI of the Chandler Act (U. S. Code, tit. 11, § 701 et seq.), on May 12, 1951, that the arrangement was confirmed on September 10, 1951, and that it was declared consummated by order of the Federal District Court on June 30, 1952. The order of the court provided that creditors of the corporation be forever enjoined from taking further action in connection with their claims against the corporation. By dint of the arrangement proceedings and the order entered thereon, it is alleged that whatever claim the corporation may have had against the individual defendants passed to the bankruptcy court and its duly constituted officers, and thus, that the plaintiff is not a proper party plaintiff. It is further alleged that the claim of the corporation against the defendant directors and officers is barred by reason of the arrangement proceedings.
It is clear that while arrangement proceedings are in progress certain procedures must be followed before a stockholder may himself maintain a derivative suit. A demand must first be made upon the trustee in bankruptcy. Where there is no trustee and the claim is against corporate directors the bankruptcy court itself should be advised of the claim, and upon adequate impartial recommendation, it will determine whether there is merit to the claim and whether a suit is warranted. (See Meyer v. Fleming, 327 U. S. 161, 167-172; Zeleznik v. Grand Riviera Theatre Co., 128 F. 2d 533, 536.) The defendant, however, has alleged that the arrangement was confirmed at a time prior to the institution of this action. In the normal case, the exclusive jurisdiction of the bankruptcy court terminates at the time the arrangement is confirmed (Bankruptcy Act, *921 § 367, subd. [4], U. S. Code, tit. 11, § 767, subd. [4]; 6 Am. Jur., Bankruptcy, § 1326, p. 1324.) While the Bankruptcy Law provides that the exclusive jurisdiction of the Federal court may under certain circumstances be retained after confirmation of the arrangement (Bankruptcy Act, §§ 367-370, U. S. Code, tit. 11, §§ 767-770), the defendant has not alleged any of these circumstances to be the fact. Moreover, it is difficult to see how the exclusive jurisdiction of the Federal court could be retained after the order of the Federal court had declared the arrangement to be fully consummated.
The failure of the trustee in bankruptcy or debtor in possession to enforce claims of a corporation against the corporation’s debtors does not act to defeat those claims. (Meyer v. Fleming, 327 U. S. 161, 166-168, supra.) Where such claims remain unenforced at the termination of the arrangement proceedings, they revest in the corporation. (Bankruptcy Act, § 70, sub. [i], U. S. Code, tit. 11, § 110, sub. [i]; Bankruptcy Act, § 21, sub. [h], U. S. Code, tit. 11, § 44, sub. [h]; Cumberland Glass Mfg. Co. v. De Witt, 237 U. S. 447, 452-454; 6 Am. Jur., Bankruptcy, § 1324, p. 1324.) Thus, such claim as the corporation may have had against its directors or officers during the arrangement proceedings has revested in the corporation. The defendants do not appear to contend that a shareholder’s derivative suit is an improper method of enforcing such a claim. Under these circumstances, the defendants’ argument that the plaintiff is not a proper party plaintiff is not persuasive.
The contention that the claim of the corporation against its directors and officers is barred by reason of the arrangement proceedings is likewise without merit. The order of consummation bars suits by the creditors of the debtor corporation against the debtor corporation. It does not bar suit by the debtor corporation against those who are its debtors.
For these reasons the seventh affirmative defense is stricken.
The third affirmative defense seeks to set forth the defense of laches. Laches is an equitable doctrine which will deny an applicant relief where he has waited an unreasonable and unexplained length of time in pursuing his remedy and the delay has been prejudicial to his adversary. In the present case, the plaintiff is endeavoring to enforce a legal right of the corporation. The equitable relief he has sought is only incidental to the basic legal right he seeks to enforce. A similar defense was interposed in the case of Pollitz v. Wabash R. R. Co. (207 N. Y. 113). The court stated (p. 130): “ Laches, however, is not a bar to the cause of action alleged. The plaintiff, in behalf of the corporation, is seeking to enforce in equity a legal right, to *922 wit, the right of the corporation to recover from the individual defendants the damages resulting from their misuse of its assets. The favor or the discretion of the court is not appealed to, as was the fact in Groesbeck v. Morgan (206 N. Y. 385) which was an action for specific performance by a vendee against the vendor wherein we held that laches was a defense independent of the statute of limitations. In the present case resort is had to equitable jurisdiction for the purpose of ascertaining through an accounting the sum of damages.” (See, also, Girschowitch v. DeLong, 51 N. Y. S. 2d 499, 500; Bata v. Chase Safe Deposit Co., 99 N. Y. S. 2d 535, 567, affd. sub nom. Bata v. Bata, 279 App. Div. 182.) Applying the rule of the Pollits case, the motion to strike the third affirmative defense is granted.
The fourth affirmative defense alleges that, pursuant to the agreement of July 23,1948, the plaintiff agreed that in the event that his employment by the defendant corporation should terminate by its terms, he would sell the stock to the corporation at a price to be fixed by appraisal. The agreement provided: ‘ ‘ Should the employment contract expire by its terms then, and in that event, the three hundred fifty (350) shares of stock owned by Pfeifer shall be appraised by the American Appraisal Society and said stock shall be appraised as that of ‘ a going concern ’, and the value thereof fixed by the said American Appraisal Society. Said sum so fixed shall be paid to Pfeifer upon delivery by him to Berke of the said three hundred fifty (350) shares of stock.” It is alleged that the plaintiff’s employment terminated by its terms on July 23, 1951. The corporation has demanded that the plaintiff convey his stock but the plaintiff has failed to do so. The defendants conclude, “ That by reason of the foregoing, the corporation is the equitable owner of the stock registered in the name of the plaintiff upon the books of the corporation, and therefore, the plaintiff is not a proper party to institute and prosecute this action.” The provisions of the agreement and the allegations of the fourth affirmative defense indicate that before the sale of the stock was to take place, the price had to be fixed in a certain manner. The price has not yet been fixed. An agreement as to the price is essential to a contract of sale (Saul v. Rosenberg Co., 109 N. Y. S. 2d 589) and it is a general rule that the title to a thing sold does not pass to the buyer so long as anything remains to be done in order that the price may be known. (46 Am. Jur., Sales, § 421, p. 591.) Under these circumstances, it would appear that title to the stock has not yet passed and that the plaintiff remains a stockholder.
*923 The conclusion of law, “ That by reason of the foregoing, the corporation is the equitable owner of the stock ’ ’ is not binding upon the court. Upon a motion of this character the court will adopt every intendment and fair inference in favor of the pleading. This does not mean, however, that the court must adopt the conclusions of law drawn by the pleader from the facts alleged. In the first place, it is improper to plead conclusions of law. In the second place, the facts as alleged cast serious doubt upon the conclusion of law drawn by the pleader. The plaintiff is the stockholder of record. He admittedly holds legal title. The agreement of July 23, 1948 does not in terms obligate him to sell his stock. Even if it is construed so to obligate him, a condition precedent to the consummation of the sale, namely, the determination of the price, has not been made. These facts, pleaded in the fourth affirmative defense or appearing in the agreement to which it refers, indicate that the plaintiff is still a stockholder. The motion to strike the fourth affirmative defense is therefore granted.
The sixth affirmative defense alleges that this action has not been brought by the plaintiff in good faith. This defense is insufficient in law. (Friedman v. Odora Co., 273 App. Div. 755; Pollitz v. Wabash R. R. Co. [No. 1], 150 App. Div. 709, 713; Poilltz v. Wabash R. R. Co. [No. 2], 150 App. Div. 715, 718, mod. 207 N. Y. 113, supra; Runcie v. Corn Exch. Bank Trust Co., 6 N. Y. S. 2d 616, 622.) Therefore, the motion to strike the sixth affirmative defense is granted.
In accordance with these views, the motion under rule 103 to strike the fifth and seventh affirmative defenses and the motion under rule 109 to strike the third, fourth and sixth affirmative defenses is granted.
Settle order on notice.