Harold Baer, J.
This is a motion by the defendant to stay proceedings until arbitration can be had between the parties, pursuant to section 1451 of the Civil Practice Act. The plaintiff cross-moves for enforcement of a stipulation of settlement of the action between the parties.
The action is for goods sold and delivered by plaintiff’s assignor, to the defendant corporation and against the individual defendants on their written guaranty of payment. The defendants interposed answers which in addition to denials, set up affirmative defenses and a counterclaim.
The action was commenced in September, 1955; the answers were interposed between September 26 and October 17,1955. A note of issue was filed and the case appeared on the day calender of this court but was adjourned. In January, 1955 an order to preclude was granted to plaintiff on defendant’s failure to serve a bill of particulars with respect to its counterclaim. An examination before trial of the defendants was started but never completed because the parties decided to settle their differences.
*884 On January 14, 1956 all three defendants offered in writing to settle this action for $6,000 on terms set forth in the offer. Plaintiff had to obtain approval of the assignor, a company doing business in Holland, and received such approval on January 27, 1956. The written offer of settlement was by its terms, irrevocable until January 31,1956, so that on January 27, 1956, there was agreement between the parties. (Personal Property Law, § 33, subd. 5.) On January 27, 1956, a formal stipulation of settlement was prepared embodying the terms of the offer and acceptance. The parties met on January 30,1956 and after a few changes in the stipulation of agreement, same was duly executed by defendants as were general releases in favor of plaintiff. The matter was settled except that plaintiff had to sign the stipulation and required a reasonable time for approval from its assignor. In the meantime plaintiff did not proceed with the order to preclude and adjourned the trial of the action. Approval was obtained and the stipulation of agreement was signed by the plaintiff and its attorney. Just prior to such signing defendant sent a telegram to plaintiff’s attorney, February 14, 1956, stating, “ Offer of settlement * * * is withdrawn ”. Thereafter the motion for a stay and for arbitration was brought on by the defendants.
The contracts between the defendants and plaintiff’s assignor do provide for arbitration of any controversy. Section 1451 o'f the Civil Practice Act clearly provides for a stay of proceedings until arbitration can be had in accordance with the terms of a contract. The courts have consistently enforced such contract provisions.
There are also cases which have permitted a party to obtain arbitration even after some delay in demanding this remedy. (Matter of Haupt v. Rose, 265 N. Y. 108; Matter of Catino Constr. Co. v. Gibson Realty Corp., 173 Misc. 239.)
Further the assignee of a claim is bound by the arbitration clause in the assignor’s contract. (Matter of Hosiery Mfrs. Corp. v. Goldston, 238 N. Y. 22.)
In my opinion, the zealous enforcement of the arbitration clause in contracts has been to encourage speedy determination of controversies. Through arbitration, the delay and expense of court proceedings are avoided. It was never the intention of the Legislature or the courts to utilize article 84 of the Civil Practice Act to delay justice.
The plaintiff in this action waived arbitration by commencing an action in this court. The defendants answered and interposed a counterclaim; they permitted a preclusion order to be entered for failure to serve a bill of particulars; they offered a *885 settlement which was accepted; they signed an agreement to settle. Now, over six months since the commencement of the action, they seek arbitration. Their excuse for attempting to repudiate their agreement is that the goods are not merchantable. This claim in February, 1956 is untenable. They received the goods in September, 1954. It was put in a warehouse under their control. They had the right to inspect the goods at any time. As long ago as March 25,. 1955 defendants agreed unequivocally to pay for these goods and in such letter of agreement stated “I will not, in any way, make any claim for allowances or institute any merchandise dispute as of today.”
It would be unfair and unreasonable to permit defendants to further delay the plaintiff through enforcement of an arbitration provision in the contract which had as its purpose the prevention of such delay. The defendants have waived their right to arbitration and besides, their laches in demanding such remedy should preclude them at this time. (Matter of Zimmerman v. Cohen, 236 N. Y. 15; Nagy v. Arcas Brass & Iron Co., 242 N. Y. 97; Gold Plastering Co. v. 200 East End Ave. Corp., 282 App. Div. 1073, affd. 307 N. Y. 668.)
Now, we must consider the stipulation of settlement. There was an offer which was accepted. The formal agreement was signed by the defendants. The plaintiff was given a reasonable time in which to approve so that it might communicate with its Holland assignor. The assignor approved and plaintiff signed the agreement. Defendants could not withdraw their “ offer ”. The offer had been accepted and the stipulation of agreement signed by defendants, the parties to be charged, was a binding executory accord (Personal Property Law, § 33-a, subds. 1,2,3).
Courts should and do favor agreements to end litigation and under these circumstances such agreement should be enforced. (Wilder v. Beach, 137 Misc. 883; Lee v. Rudd, 120 Misc. 407.)
Defendants’ motion for a stay pending arbitration is denied. Although plaintiff was technically stayed from any proceeding, I have considered the cross motion under the circumstances outlined and grant such cross motion. The stipulation of settlement may be filed and a judgment entered thereon if defendants default in the payment set forth therein. Order filed.