David Kusnetz, J.
This is an application for a stay pending the determination of a motion to restrain the defendants pendente lite from continuing a strike heretofore instituted at each of plaintiffs ’ .places of business, from breaching the collective bargaining agreements between the plaintiffs and the defendants, and' for incidental relief.
In the milk industry, there are three classes of duly licensed dealers. Class A are the major processors who supply milk to the Class B dealers, who in turn sell it to Class C dealers, who in turn sell it to the ultimate consumer. The plaintiffs are all. Class B dealers, who, together with the Class A dealers, were parties to .an identical collective bargaining agreement, jointly negotiated throughout the entire milk industry in the greater metropolitan area. Some of the Class C dealers operate with the aid of helpers. The latter, unlike the employees of Class A and Class B dealers, are not organized. The defendants are presently seeking to organize them. As a *906 means of attaining such end, plaintiffs charge the defendants with attempting to induce union employees of Class A and Class B dealers to refuse to handle milk destined for those Class C dealers who employ such unorganized helpers.
Plaintiffs claim that the defendants have already induced their employees to refuse to load and unload for such Class C dealers as have helpers, notwithstanding that strikes, lockouts, walkouts or slow downs are prohibited by subsisting collective bargaining agreements. Plaintiffs contend that their respective businesses will be ruined unless the status quo is maintained pending the disposition of these difficulties on the merits.
The defendants contend that the plaintiffs themselves have breached their collective bargaining agreement by not resorting to arbitration as therein provided; that, in any event, since they already have sought relief before the National Labor Relations Board, the Federal remedy is exclusive.
The court is of the opinion that a prima facie case of breach of the collective bargaining agreement by the defendants has been sufficiently established, and it appears that unless the status quo is maintained, irreparable injury will be sustained by the plaintiffs. The direct labor relations between the plaintiffs, their employees and the defendants appear to be harmonious. The only difficulty is with the defendants’ method of organizing the helpers of such of the plaintiffs’ Class C dealers as employ them, and that method appears to have' interfered with subsisting contractual relations between the plaintiffs and the defendants. Accordingly, this court is not pre-empted from issuing a stay restraining the continued breach of contractual obligations pending the determination of the motion for a temporary injunction. It is to be noted that we are not dealing here with any attempt to picket the places of business of such of the Class C dealers as employ the helpers which the defendants seek to organize. What we are dealing with here is an attempt by the defendants to attain that result by inducing the union employees of the plaintiffs to refuse to handle milk destined for the Class C dealers employing such helpers.
The mere fact that plaintiffs have not, in the first instance, .sought arbitration does not destroy their cause of action. The defendants’ remedy is to apply for a stay of plaintiffs’ action until the arbitration has been had. (American Reserve Ins. Co. v. China Ins. Co., 297 N. Y. 322, 326-327.)
The application for a stay is, accordingly, granted.
Submit order.