William B. Groat, J.
Application by petitioner (1) for an order directing the parties to proceed to arbitration and (2) staying an action of the respondent herein against petitioner now pending in the Municipal Court of the City of New York, Borough of Queens, Sixth District.
On July 19, 1957 the petitioner and respondent entered into an. agreement in writing providing for arbitration of a claim by the latter for payment for work, labor and services. The agreement further provided that each party select one arbitrator and the arbitrators would thereafter select a third arbitrator, the decision of two of such arbitrators to be conclusive upon the parties. In accordance with the terms of the agreement, the parties each selected an arbitrator. However, according to respondent, the arbitrator for petitioner advised his arbitrator ‘ ‘ that regardless of any arbitration or any action of the Arbitrators, he [petitioner] would pay to your deponent [respondent] the sum of $600.00 and no more.” Respondent further *392 states that the arbitrators were of the opinion that there was no purpose in any further attempt to arbitrate and, accordingly, nothing further was done under this agreement.
On September 25, 1959 respondent commenced an action in the Municipal Court against petitioner and on or about September 28, 1959, petitioner interposed an answer consisting of a general denial and, in a separate affirmative defense, set forth the existence of the arbitration agreement. Thereafter, on May 25, 1961, respondent noticed the case for trial. The action appeared on the Trial Calendar on June 15, 1961. However, upon the failure of the attorney for petitioner to appear on that date, respondent had the trial adjourned to the calendar of September 14, 1961. Now, virtually on the eve of trial, petitioner seeks to compel arbitration and stay the action in the Municipal Court.
The court is of the opinion that petitioner’s unreasonable delay precludes granting the relief sought herein. Were petitioner sincere in having the dispute arbitrated, he would not have waited almost two years to compel arbitration. Under these circumstances, the agreement to arbitrate was abandoned or waived. (Matter of Zimmerman v. Cohen, 236 N. Y. 15.) The fact that petitioner interposed the affirmative defense of the existence of the arbitration agreement does not compel a contrary disposition. The courts have held ‘ ‘ that it is not even proper for the defendant in such an action to plead the arbitration agreement as a defense or counterclaim.” (American Reserve Ins. Co. v. China Ins. Co., 297 N. Y. 322, 326-327.)
Accordingly, the motion is denied and the petition dismissed.