John II. Galloway, Jr., J.
Defendant Leif Johnson moves for an order staying proceedings under the first cause of action pending judgment by arbitration, or that said defendant be *868 allowed to plead as an affirmative defense the failure of plaintiff, Isaih Lew, to comply with the arbitration provision of a contract, the alleged breach of which is the basis of said cause of action. The motion is stated to be brought pursuant to sections 1449 and 1450 of the Civil Practice Act. The court assumes that the moving party intended to proceed under related section 1451 of the Civil Practice Act which expressly provides for the relief herein sought.
This action is for damages sustained to plaintiffs’ house arising from: first, defendant Johnson’s alleged breach .of a
contract to construct an extension on plaintiffs’ house (first cause of action); second, from said defendant’s negligence in the performance of certain blasting and excavation operations by his subcontractor Fagan; and third, against the defendant Fagan for damages due to his negligent blasting and excavation operations in the course of the contract work.
The building extension contract between plaintiffs and this defendant is in writing and on the usual “A. I. A. Short Form For Small Construction Contracts ”. It provides in article 6 thereof that “ The Contractor shall adequately protect the work, adjacent property and the public and shall be responsible for any damage or injury due to his act or neglect ’ ’.
The contract (art. 19) also provides that “ Any disagreement arising out of this contract or from the breach thereof shall be submitted to arbitration. * * * It is mutually agreed
that the decision of the arbitrators shall be a condition precedent to any right of legal action that either party may have against the other ”.
The moving defendant’s answer contains specific denials of the first cause of action based on breach of the building contract, and seeks affirmative relief over against defendant Fagan in the event movant is held liable to plaintiffs. There are no allegations by way of defense that the breach of contract cause of action was subject to the arbitration clause in the building contract above quoted.
Defendant Johnson urges that plaintiffs have in fact never submitted the alleged breach of contract to arbitration nor do they plead a judgment upon an award in arbitration, and that therefore he is entitled to a stay of the first cause of action pending judgment by arbitration.
Plaintiffs in resisting the motion point out not only the fact that said defendant has interposed the answer and prayer for affirmative relief against his codefendant Fagan, but that he has demanded and received a bill of particulars, and actually went *869 to trial before this court and a jury on March 27 and 29, 1961, and fully participated therein without objections based upon the arbitration clause. For reasons not here pertinent a mistrial was declared by the court and the matter was ultimately set over to the September 1961 Term of this court for trial. On this state of facts plaintiffs contend that defendant Johnson has waived any rights he may have had to arbitrate the first cause of action.
We believe the rule to be well established that a party to an arbitration agreement may by his actions or lack of action waive his rights to arbitration of a dispute; so also the rule that undue delay or action inconsistent with an intention to enforce such a right will result in a waiver of that party’s right to arbitration. Boening v. Hoe & Co. (156 N. Y. S. 2d 13 [1956 Supreme Ct., Westchester County, Gallagher, J.] citing Haupt v. Rose, 265 N. Y. 108).
Thus, although the service of the answer herein may not have constituted a waiver by defendant Johnson of his right to arbitration of the first cause of action (Matter of Hosiery Mfrs. Corp. v. Goldston, 238 N. Y. 22), even though the answer did not set up the arbitration clause as a defense (Stoppick & Co. v. Glick & Co., 110 N. Y. S. 2d 850), this court is of the opinion that the moving defendant has waived such right by his action in acceding to the trial and actively participating in the trial of this action. But for the mistrial declared for reasons over which this defendant did not have full control, the trial of this action would have been completed in March or early April, 1961.
Indeed the facts here show that the parties have elected to settle their dispute under the first cause of action not by arbitration but in a court of law. The arbitration provision of the contract has been abandoned or waived; the plaintiffs by bringing their action against this defendant; and this defendant by answering, praying for relief over against his codefendant Fagan, and proceeding to try the case for nearly two days before this court and a jury (the action having been commenced on December 31,1958, at issue since February 27, 1959, and on the Trial Calendar since the October 1959 Term). This defendant’s acts are clearly inconsistent with his belated claim that the parties were obligated to proceed to arbitration for the settlement of their dispute under the first cause of action. (Matter of Zimmerman v. Cohen, 236 N. Y. 15, 19 [1923]; Matter of Louis Cooper Hats [Kadis], 285 App. Div. 937, affd. 309 N. Y. 705; cf., also, Klein Coat Corp. v. Peretz, 4 Misc 2d 341.) We conclude that the motion should be and it is in all respects denied.