Domenick L. Gabrielli, J.
The plaintiff, a former employee of the defendants, seeks money damages for wrongful discharge. During his employment as a laborer by the defendants, he was a member of Local 509, International Union of Electrical, Radio and Machine Workers, AFL-CIO, which had entered into a collective bargaining agreement with defendants for and on behalf of the plaintiff and other factory employees. Pursuant to this agreement, it was provided that the union was designated as the sole agency to,negotiate collective bargaining arrangements for the plaintiff and the other employees and the agreement further provided that grievances were to be subject to arbitration in the usual manner.
On April 16,1962, plaintiff was dismissed from his employment and it is because of this dismissal that he brings suit.
It is conceded that the union did not proceed to arbitration and is in no way a party to the present litigation. It does not appear whether plaintiff sought any relief from the union concerning his discharge. This, however, is of no moment, for, as a member of the union not only had he entrusted his rights to the union as a collective bargaining agent, but his sole recourse was the arbitration clause under the contract. (Parker v. Borock, 5 N Y 2d 156; Matter of Soto [Goldman], 7 N Y 2d 397.)
In the event the,union did not or would not proceed to enforce the rights, the employee’s only recourse is to proceed against the union for breach of its fiduciary duty for a failure to press for arbitration. (Matter of Calka [Tobin Paching Co.], 9 A D 2d 820; Parker v. Borock, supra.)
In circumstances as here shown, the employee is without remedy against his employer. He has no individual rights under the contract, which he can enforce against'the employer, save through the contractual bargaining agent, the union. If this were not the rule, chaos could result and the hard fought-for *499 benefits resulting from harmonious and recognized collective bargaining arrangements would be for naught.
The foregoing determinations are founded upon not only the decisional law of this State, but the Federal courts have also ruled that discharged employees could not sue their former employers under circumstances as here presented; and have further stated that implicit in a collective bargaining agreement is the understanding that the only remedy of an employee for alleged breach of contract is the grievance procedure. (Ostrofsky v. United Steelworkers of America, 171 F. Supp. 782, affd. 273 F. 2d 614, cert. den. 363 U. S. 849.)
The defendants’ motion made under paragraph 7 of subdivision (a) of rule 3211 of the Civil Practice Law and Rules, is granted.
Having reached this conclusion, a determination of the plaintiff’s motion to strike certain affirmative defenses becomes academic.