■ BERNARD ZUBER, Respondent, v. COMMODORE PHARMACY, INC., Appellant.— In an action by a former employee against his former employer to recover wages allegedly due, the defendant, by permission of this court, appeals from an order of the Appellate Term of the Supreme Court, entered December 23, 1964, which affirmed an order of the Civil Court of the City of New York, Kings County, entered June 29, 1964, vacating a stay of the action and directing defendant to answer the complaint. Order of the Appellate Term affirmed, with costs. The time of the defendant to answer the complaint is extended until 30 days after entry of the order hereon. Plaintiff commenced an action against his former employer to recover $750, allegedly representing the difference between the wages he received during his employment and the wages to which he was entitled under the collective bargaining agreement between his union and the employer. The employer moved to dismiss the action and to direct the parties to proceed to arbitration as provided in the collective bargaining agreement on the ground that the dispute related to the issue of whether plaintiff had worked as a "sandwich man" as defined by the agreement. The court denied the motion to dismiss the complaint but stayed the action and directed

the parties to proceed to arbitration. No appeal was taken from that order. Thereafter, the plaintiff requested the employer to initiate the arbitration proceeding but the employer refused. Plaintiff also requested the president of the union to initiate the arbitration proceeding but the union president refused. Advised that the union would not commence the arbitration proceeding on plaintiff's behalf, the employer repeated its refusal to do so. Plaintiff then moved to vacate the stay and to direct the employer to answer the complaint. The motion was granted and the employer appealed to the Appellate Term. The Appellate Term affirmed on the ground that "plaintiff has a common law right of action for wages which cannot be taken away by an agreement between his employer and union." The employer has appealed by leave of this court. Insofar as the affirmance by the Appellate Term is based on the theory that plaintiff had a common-law right of action for wages which could not be taken away by an agreement between his employer and his union, the law is to the contrary (cf. *Republic Steel* v. *Maddox*, 379 U. S. 650; *Chupka* v. *Lorenz-Schneider Co.*, 12 N Y 2d 1, 6; *Parker* v. *Borock*, 5 N Y 2d 156, 161, 162; *Bilinski* v. *Delco Appliance Div.*, 42 Misc 2d 498, 499). We affirm the order of the Appellate Term, however, on the ground that the employer, by its conduct in this case, waived any right it may have had to demand that this dispute be submitted to arbitration. When plaintiff commenced this litigation, the employer obtained an order staying the action and directing "the parties" to proceed to arbitration. The union was not a party to the action and the plaintiff, an employee, could not initiate the arbitration proceeding because only the union and the employer had that right under the collective bargaining agreement (*Matter of Soto* [*Goldman*], 7 N Y 2d 397, 400; *Ott* v. *Metropolitan Jockey Club*, 282 App. Div. 946, affd. 307 N. Y. 696). The employer was the only "party" to the litigation which had the power to initiate the arbitration proceeding. It refused to do so. We think that its refusal amounted to a waiver of whatever right it may have had to demand arbitration of this claim. "There is * * * nothing irrevocable about an agreement to arbitrate. Both of the parties may abandon this method of settling their differences, and under a variety of circumstances one party may waive or destroy by his conduct his right to insist upon arbitration" (*Matter of United Paper Mach. Corp.* [*Di Carlo*], 19 A D 2d 143, 144; cf. *Lew* v. *Johnson*, 31 Misc 2d 867, 869). Conduct inconsistent with the maintenance of a right may demonstrate an abandonment of that right despite the desire to retain it (*Matter of Ladin* [*D. & C. Textile Corp.*], 20 A D 2d 8, 9, affd. 14 N Y 2d 781). We think the employer's refusal to submit this dispute to arbitration after obtaining a stay based on its willingness to arbitrate was such inconsistent conduct and justified the Civil Court in vacating the stay and directing the employer (the defendant) to proceed in this action. Beldock, P. J., Ughetta, Christ and Hopkins, JJ., concur; Rabin, J., dissents and votes to reverse the order of the Appellate Term, with the following memorandum: The basic issue presented on this appeal is whether the plaintiff, a former employee of the defendant, who was allegedly paid less than he claimed he was entitled to receive under a collective bargaining agreement between the defendant and the union of which plaintiff was a member, may maintain an action at law for said wages. It is conceded that the union did not proceed to arbitration and is in no way a party to the present litigation. In my opinion, the learned Special Term erred in granting the plaintiff's motion to vacate and set aside the prior order to the extent of denying defendant's application to stay the action and directing defendant to serve an answer to the complaint therein. The plaintiff's cause of action arises solely from the collective bargaining agreement. He was relegated to this agree-

ment for remedial action and was bound by its provisions. As a member of the union, not only had he entrusted his rights to the union as a collective bargaining agent, but his sole recourse was the arbitration clause under the agreement (*Parker* v. *Borock*, 5 N Y 2d 156; *Matter of Soto* [*Goldman*], 7 N Y 2d 397). I conclude that the plaintiff has no individual rights under the collective bargaining agreement which he can enforce against the defendant except through the union. In the absence of a waiver of the arbitration provisions by the defendant, it was entitled to a stay of the action notwithstanding that the plaintiff may not be able to obtain arbitration because of his union's refusal to compel the arbitration under the terms of its agreement with the defendant. If the union has inadequately or unfairly represented the plaintiff he may have a remedy against the union (*Matter of Calka* [*Tobin Packing Co.*], 9 A D 2d 820). "In the event the union did not or would not proceed to enforce the rights, the employee's only recourse is to proceed against the union for breach of its fiduciary duty for a failure to press for arbitration" (*Bilinski* v. *Delco Appliance Division*, 42 Misc 2d 498). In this connection, I disagree with the determination of the majority that the defendant, by its conduct, waived any right it may have had to demand that the dispute be submitted to arbitration. The reasoning of the majority leads to the inescapable conclusion that whenever an individual employee has a complaint against his employer which his union believes has no merit, the employee, by instituting an action against such employer, can compel the employer to make the choice of either defending the action or submitting himself to arbitration at the instance of the individual employee, contrary to the terms of the collective bargaining agreement. It is my opinion, however, that in the absence of specific language in the agreement giving the employee the right to act on his own behalf, the defendant should not be required to initiate the arbitration proceeding at the risk of being compelled to defend an action which arises solely from the terms of a collective bargaining agreement.