■ RONALD F. RIEDER et al., Respondents, v STATE UNIVERSITY OF NEW YORK et al., Appellants.—In an action for injunctive relief, treated by Special Term as a proceeding pursuant to CPLR article 78, the appeal is from an order of the Supreme Court, Kings County, dated August 1, 1974, which, *inter alia,* (1) on plaintiffs' motion directed appellants to pay over certain funds to plaintiffs and (2) denied appellants' separate motions to dismiss the complaint. Order reversed, on the law, without costs, plaintiffs' motion denied, appellants' separate motions granted and complaint dismissed, without prejudice to a renewal of proceedings upon a showing by plaintiffs that their union has not or will not properly or diligently pursue Steps 3 and 4 of the grievance procedures contained in the 1971 collective bargaining agreement between appellant State of New York and the union. The dispute herein involves the terms and conditions of plaintiffs' employment and, accordingly, was covered by a four-step grievance procedure established in the 1971 collective bargaining agreement. The first three steps of the procedure involve appeals to various officials of appellant State University of New York. The fourth and final step involves submission of the matter to arbitration. In fact, several days prior to commencement of this action plaintiffs instituted a grievance proceeding and, after an adverse determination at the Step 1 level, took a Step 2 appeal to the Chancellor of the State University, whose determination they are presently awaiting. Since plaintiffs have clearly failed to exhaust their administrative remedies, the action should have been dismissed. Plaintiffs contend that any ultimate success which may be achieved by them through the administrative process will be rendered fruitless by intervening circumstances and that their exhaustion of administrative remedies is therefore not a prerequisite to seeking judicial relief. Specifically, they contend that it is unlikely and doubtful that their union will pursue Steps 3 and 4 of the grievance procedure in the event of an adverse determination at the Step 2 level and that the monetary benefits accruing to them from their grants will be irretrievably lost without prompt judicial intervention. These contentions are purely speculative and find no support in the record. (Indeed, appellant the Research Foundation of the State University expressly indicated at Special Term that it will hold all of the funds in controversy in escrow pending a resolution of this dispute through the administrative process.) However, in view of the fact that only the union may initiate Steps 3 and 4 of the grievance procedure—as opposed to Steps 1 and 2, which may be initiated by either the grievant or the union—we are dismissing the action without prejudice to a renewal of proceedings upon a showing that the union has failed to properly represent plaintiffs' interests through Steps 3 and 4 of the grievance procedure. Hopkins, Acting P. J., Martuscello, Munder and Shapiro, JJ., concur.