■ GLADYS HONOROF, Respondent, v DANIEL HONOROF, Appellant.—In an action in which the plaintiff wife was granted a judgment of divorce, the defendant appeals from an order of the Supreme Court, Nassau County, dated July 21, 1976, which denied his motion to (1) separate "the Findings of Fact from the Conclusions of Law and Judgment", (2) seal the "Findings of Fact" and (3) prohibit the use of the "Findings of Fact", except upon further court order. Order affirmed, with $50 costs and disbursements. The defendant failed to show any reason to grant him protection other than that which is afforded by section 235 of the Domestic Relations Law. Although requesting an injunction, the defendant failed to satisfy the equitable prerequisites therefor. Finally, 22A NYCRR 699.9 does not provide a basis for sealing findings of facts or for enjoining the parties from using such findings. Gulotta, P. J., Hopkins, Martuscello and Suozzi, JJ., concur.

■ BURTON KLAPPER, Respondent, v NANCY KLAPPER, Appellant.—In an action in which the defendant wife was granted a judgment of divorce, she appeals from an order of the Supreme Court, Westchester County, dated July 29, 1976, which (1) granted plaintiff's motion to modify the said judgment to the extent of directing defendant to remove herself from the marital home, (2) denied her cross motion to increase the amount of support plaintiff is required to pay her and to compel plaintiff to pay her moving and decorating expenses and (3) awarded her a counsel fee of only $350. Order affirmed, without costs or disbursements. We agree with the conclusion of Special Term that the stipulation of settlement executed by the parties was intended to award defendant possession of the marital home only as long as she continued to have custody of the children. Defendant's application to increase the amount of support plaintiff is required to pay her and to compel plaintiff to pay certain expenses involved in her relocating may be renewed upon proof of the actual costs involved. Latham, Acting P. J., Margett, Titone and Mollen, JJ., concur.

■ HARVEY S. KORNIT, Appellant, v BOARD OF EDUCATION, PLAINVIEW-OLD BETHPAGE CENTRAL SCHOOL DISTRICT, PLAINVIEW, Respondent.—In an action to recover damages for breach of a collective bargaining agreement, plaintiff appeals from an order of the Supreme Court, Nassau County, dated July 17, 1975, which granted defendant's motion to dismiss the complaint. Order affirmed, with $50 costs and disbursements. The collective bargaining agreement between plaintiff's union and the defendant provided the exclusive methods for the settlement of grievances. The use of the word "may" in the article entitled "Grievance Procedure" should not be construed to mean that arbitration was an optional method. We believe that the intention of the parties to the agreement was that disputes of this type be settled through the grievance procedure as set forth in the collective bargaining agreement. Gulotta, P. J., Hopkins, Martuscello and Suozzi, JJ., concur.