■ JOSEPH GROZEK, Respondent, v RAGU FOODS, INC., Appellant.—Order unanimously reversed, without costs, motion granted, and first cause of action dismissed. Memorandum: Plaintiff was discharged from defendant's employ on October 10, 1975 for fighting with a coemployee. He appealed his discharge to the company president under the procedures set forth in an employee handbook titled, "Ragu and You", and his discharge was upheld. On August 27, 1976 plaintiff brought two causes of action against defendant for wrongful discharge and defamation. Defendant moved for summary judgment dismissing both causes of action and now appeals from that part of the order of Special Term denying his motion with respect to the cause of action for wrongful discharge. Plaintiff does not cross-appeal from that part of the same order granting summary judgment dismissing the second cause of action for defamation. It is well settled that unless there is a definite period of service specified in a contract, the hiring is at will and the employer has the right to discharge and the employee to leave at any time, without advance notice, and neither has any cause of action against the other (36 NY Jur, Master and Servant, § 15; *Parker v Borock,* 5 NY2d 156, 159; *Watson v Gugino,* 204 NY 535, 541; *Walford v British Caledonian Airways,* 52 AD2d 922). Stated in other terms, an employee who does not work under an agreement for a definite term of employment may be discharged at any time, with or without cause (36 NY Jur, Master and Servant, § 26). If, however, the employment is for a definite term, the employer, in order to justify a discharge, must be able to show a breach by the employee of some express or implied provision of the contract (36 NY Jur, Master and Servant, § 26). Plaintiff, both in his complaint and answering affidavit, fails to allege that he had any contract of employment with defendant for a specific term. In particular, plaintiff admits in a deposition before trial that he had the right to leave the company for whatever reason, at any time he wished. He asserts, however, that a hiring-at-will may be limited by an agreement that an employee will not be discharged without just cause and that defendant's employee handbook, "Ragu and You", represents such an agreement. Therefore, plaintiff contends that the general rule, that an employee who does not work under an agreement for a definite term of employment may be discharged at any time, with or without cause, does not apply to his situation. Although support can be found for plaintiff's assertion that a hiring-at-will may be limited by an agreement that the employee be dismissed only under certain circumstances *(Williams v Action*

*For Better Community,* 51 AD2d 876; *Crotty v Erie R. R. Co.,* 149 App Div 262; see Ann., 62 ALR3d 271), he totally fails to raise a triable issue of fact either with respect to the existence of such limiting agreement or, assuming such agreement exists, with respect to defendant's violation of the terms of the agreement. The employee handbook states that an employee may be discharged for fighting. Plaintiff concedes that he had engaged in a fight, that he has exhausted all internal remedies to contest his discharge and that he has followed the complaint procedure set forth in the handbook which calls for no further appeal. Assuming that the handbook represents a binding agreement between plaintiff and defendant, plaintiff must be held to have accepted the complaint procedures provided for therein and the rules by which his actions were to be judged (see *Haynes v United States Pipe & Foundry Co.,* 362 F2d 414; *Kornit v Board of Educ.,* 54 AD2d 959; *Panzarella v New York Cent. System,* 27 Misc 2d 57). We find that defendant's dismissal of plaintiff was not wrongful. (Appeal from order of Cayuga Supreme Court—dismiss complaint.) Present—Moule, J. P., Dillon, Hancock, Jr., Denman and Witmer, JJ.