■ Esquire Industries, Inc., Respondent, v East Bay Textiles, Inc., Appellant.—Order, Supreme Court, New York County, entered September 29, 1978, granting plaintiff's motion for an order compelling arbitration, is unanimously modified, on the law, to the extent that the provision directing arbitration is vacated and the parties may proceed in the action at law in the courts, and the prior order of the Supreme Court, New York County, entered July 5, 1978, staying litigation is vacated, and the order of September 29, 1978, is otherwise affirmed, without costs or disbursements. Defendant is directed to answer the complaint within 20 days after service of the order hereon. An arbitration provision in a contract like any other provision of a contract may be waived or abandoned by the parties, and such waiver may be evidenced by their conduct in seeking judicial relief instead of arbitration. (*Matter of Zimmerman v Cohen*, 236 NY 15.) By serving the

first summons, plaintiff waived its right to arbitration. By its application to stay arbitration on the ground of that waiver, resulting in a final judgment to that effect, defendant acquiesced in the waiver of arbitration and itself abandoned the right to arbitration. (Cf. *Zuber v Commodore Pharmacy,* 24 AD2d 649.) Indeed by reason of its conduct in obtaining a judgment staying arbitration on the ground that plaintiff had waived the right to arbitration by bringing an action at law, defendant should be deemed estopped from claiming that plaintiff is barred by the arbitration clause from suing at law. *Matter of River Brand Rice Mills v Latrobe Brewing Co.* (305 NY 36) is not to the contrary. The Court of Appeals there held that the conduct of the party who opposed both arbitration and later litigation was not a waiver of the arbitration agreement but was rather an insistence upon the terms of the arbitration agreement, including the short contractual time limitation. But the court reaffirmed (p 42) that an agreement to arbitrate "may be waived or abandoned by the agreement or conduct of the parties". Both parties in the present case, having waived or abandoned arbitration, were free to pursue their remedies in the judicial forum. The orders of July 5, 1978 and September 29, 1978 were thus erroneous insofar as they prevented the parties from pursuing their remedies in the courts. However, the order of September 29, 1978 recognized the manifest injustice of depriving the plaintiff of any forum by a holding both that the arbitration clause prevented resort to the courts and that by serving a summons in a court action plaintiff had waived the right to pursue arbitration. The fact that the present appeal is technically only from the order of September 29, 1978, is not an insurmountable procedural obstacle. For one thing, plaintiff served a notice of appeal from the order of July 5, 1978, and that appeal, although not perfected, is still pending. Further Justice Helman's order of July 5, 1978 was not a final judgment. Justice Helman's order of September 29, 1978 was obviously a modification of the order of July 5, 1978. "The effect of the law of the case does not apply in a court which is required to review the later order on appeal * * * In any event, the circumstances of this case are such that a review of the second order necessarily encompasses a review of the propriety of the first order." *(Adelphi Enterprises v Mirpa, Inc.,* 33 AD2d 1019.) Nothing in this decision prevents the parties from still referring the matter by mutual agreement to arbitration, if they wish. Concur—Fein, J. P., Sullivan, Lane, Markewich and Silverman, JJ.