■ TERRENCE OLTON, Respondent, v COUNTY OF WESTCHESTER, Appellant.—In an action to recover damages for breach of a collective bargaining agreement, defendant appeals from an order of the Supreme Court, Westchester County, dated January 8, 1980, which, *inter alia,* denied its motion to dismiss the complaint on the ground that plaintiff had failed to exhaust his remedies under the agreement. Order reversed, on the law, with $50 costs and disbursements, motion granted, and complaint dismissed. The use of the word "right" in the preamble of the section of the collective bargaining agreement entitled grievance procedure should not be construed to mean that the grievance resolution procedure contained therein was an optional method of dispute resolution (cf. *Kornit v Board of Educ.,* 54 AD2d 959, mot for lv to app den 41 NY2d 804). The interpretation employed by Special Term is not in accord with this State's policy toward the resolution of public sector labor disputes (see Civil Service Law, § 200; *Matter of Acting Supt. of Schools of Liverpool Cent. School Dist. [United Liverpood Faculty Assn.],* 42 NY2d 509, 512). It has been said that: "A contrary rule which would permit an individual employee to completely sidestep available griev-

ance procedures in favor of a lawsuit has little to commend it * * * it would deprive employer and union of the ability to establish a uniform and exclusive method for orderly settlement of employment grievances. If a grievance procedure cannot be made exclusive, it loses much of its desirability as a method of settlement" *(Republic Steel v Maddox,* 379 US 650, 653 [applying Federal law]). Plaintiff's failure to exhaust the remedy provided in the collective bargaining agreement mandates the dismissal of the complaint (see *Rieder v State Univ. of N. Y.,* 47 AD2d 865, affd 39 NY2d 845; see, also, *Vaca v Sipes,* 386 US 171, 184). However, under the facts and circumstances of this case, if the plaintiff should file a grievance, he should not be denied relief on a claim of untimeliness (cf. *Matter of Whitley v Board of Educ.,* 65 AD2d 821). Hopkins, J. P., Damiani, Titone and Mangano, JJ., concur.