■ SUMNER BERLYN et al., Respondents, v BOARD OF EDUCATION OF THE EAST MEADOW UNION FREE SCHOOL DISTRICT, Appellant. — In an action to recover damages for breach of a collective bargaining agreement, defendant appeals, as limited by its brief, from so much of an order of the Supreme Court, Nassau County, dated June 20, 1979, as denied its motion to dismiss the complaint and directed it to serve an answer. Order reversed insofar as appealed from, on the law, without costs or disbursements, motion granted and complaint dismissed. We are of the opinion that the grievance proce-

dure contained in the collective bargaining agreement entered into by plaintiffs' union and the defendant is the exclusive method for the resolution of the instant dispute (see *Olton v County of Westchester,* 75 AD2d 844; *Kornitt v Board of Educ.,* 54 AD2d 959, mot for lv to app den 41 NY2d 804; see, also, *Bilinski v Delco Appliance Div., Gen. Motors Corp.,* 23 AD2d 805, mot for lv to app den 16 NY2d 482). As a result of collective bargaining, the plaintiffs' union and the board of education entered into a contract which provided for advisory arbitration as the third and last step of a grievance procedure. The agreement further provided that either party could reject the recommendations of the arbitrator and, if a settlement of the dispute did not follow, the decision in the second step of the procedure should stand. That second step consisted of an appeal to the superintendent of schools from a decision of the grievant's principal or supervisor. Under the agreement, only two advisory arbitrations could be rejected, after which any subsequent arbitration determinations would be deemed binding. Since no one argues that the current arbitrator's determination had anything more than advisory effect, the parties' exclusive remedy was the grievance procedure and no plenary action could lie. In sum, the union contracted away its right to maintain such an action on the collective bargaining agreement. The action must also fall because individual members of the East Meadow Teachers Association lack the capacity to maintain this lawsuit. A union member has no individual rights under a collective bargaining agreement which he can enforce against his employer except through the union (see, e.g., *Matter of Soto [Goldman],* 7 NY2d 397; *Zuber v Commodore Pharmacy,* 24 AD2d 649). There being no indication in the record that the plaintiffs' union failed to adequately represent their interests (e.g., *Parker v Borock,* 5 NY2d 156), they lack standing to maintain the action. We reach no other issue. Titone, J. P., Lazer, Mangano and Weinstein, JJ., concur.