OPINION OF THE COURT
Richard S. Lane, J.
In its second cause of action plaintiff seeks a declaration that defendants are barred from seeking arbitration over claims which they initiated in a Federal judicial forum, but which were eventually dismissed there by reason of an arbitration clause in the agreement between the parties.
Plaintiff and defendants move and cross-move for summary judgment on this second cause of action.
Plaintiff 795 Fifth Avenue Corp. is a cooperative housing corporation which owns the Hotel Pierre, and is hereinafter sometimes referred to as "the cooperative.” Defendant Trust-house Forte (Pierre) Management was the cooperative’s independent hotel manager from March 1, 1974 through December *292 31, 1980, and is hereinafter sometimes referred to as "THF-Pierre”.
The arrangement between the cooperative and THF-Pierre was governed by a written lease and management agreement. Pursuant to article 32 (c) of the lease, the cost of providing deluxe hotel services to the cooperative’s shareholder-tenants was to be allocated between the cooperative and THF-Pierre in accordance with a formula. Article 32 (c) also provided for submission of these costs to accountants, and, in the event of disagreement, a step-by-step procedure for appeal to a series of accounting firms, the last to be selected by the appellate court. The term of the lease was for 21 years with a right of termination at the end of every three years, which right was exercised by the cooperative as of December 31, 1980.
Shortly thereafter in March 1981 THF-Pierre sued the cooperative in the Federal District Court for the Southern District of New York for outstanding claims in the amount of $4,200,000. The cooperative made a preanswer motion to dismiss premised on the ground that the lease provided for arbitration. THF-Pierre opposed, maintaining that the dispute was not merely over numbers within the narrow accounting arbitration provision but involved questions of legal interpretation of the lease. The motion was denied without prejudice to renewal, and discovery continued for two years. On the eve of trial the motion was renewed, and this time it was successful. Judge Motley found that "article 32 is analogous to an arbitration agreement * * * and which method of dispute resolution should be enforced,” and she ruled that THF-Pierre was not equitably estopped from asserting its claims by its acceptance of lower payments.
By letter of March 21, 1983 THF-Pierre indicated its intention to proceed expeditiously to arbitrate. The cooperative, however, appealed from that portion of Judge Motley’s decision which concerned equitable estoppel. The Court of Appeals for the Second Circuit reversed that portion because the issue had not been argued on the motion. Again by letter of March 4, 1985 THF-Pierre advised of its desire to proceed to arbitration.
Instead of graciously accepting THF-Pierre’s capitulation, the cooperative commenced this action seeking in the second cause of action a declaration that THF-Pierre had waived its right to utilize the arbitration procedures set forth in article 32 (c) of the lease by reason of its initiation of and significant *293 participation in litigation. In support, the cooperative cites Sherrill v Grayco Bldrs. (64 NY2d 261) and De Sapio v Kohlmeyer (35 NY2d 402).
As a general statement of law, the cooperative’s position is sound. Indeed, in a State forum, perhaps the first, but certainly the second motion before Judge Motley would have been decided differently. The circumstances, however, have now changed dramatically.
Applicability of the doctrine of waiver of arbitration rights is not compelled by any statute or strong public policy. If anything, public policy favors alternative methods of dispute resolution. Rather, what underlies the doctrine of waiver of arbitration rights is in part pragmatism and in part equity.
Pragmatically the issue normally arises at a time when litigation is still in full swing, and to terminate it and to relegate the parties to arbitration would be to waste considerable resources already expended by court, counsel and the parties. Here, however, litigation on the merits has already ended.
Equitably the issue normally arises when one of the parties, having already milked the litigative process, is perceived as seeking some advantage over the other in shifting to the less formal procedures of arbitration. As articulated by Judge Rabin: "The courtroom may not be used as a convenient vestibule to the arbitration hall so as to allow a party to create his own unique structure combining litigation and arbitration.” (De Sapio v Kohlmeyer, supra, at p 406.) Here, however, the shoe is on the other foot. THF-Pierre, having initially sought a judicial form, now seeks arbitration not for some perceived advantage but rather because it was thrown out of court. The cooperative, having initially opposed the judicial forum, now also opposes arbitration to gain a very real advantage. If the doctrine of waiver of arbitration is applied conventionally, the cooperative will have accomplished a stunning tour de force — THF-Pierre will have been deprived of any forum in which to pursue its claims.
The court cannot countenance the manifest injustice of such result (see, Esquire Indus. v East Bay Textiles, 68 AD2d 845, appeal dismissed 47 NY2d 800). Matter of River Brand Rice Mills v Latrobe Brewing Co. (305 NY 36) is not to the contrary. In that case time to arbitrate pursuant to the agreement had simply run out. Perhaps that has happened here as may be revealed when the parties come to grips with the first *294 cause of action, but it certainly does not appear from the papers before me.
In the first cause of action the cooperative seeks a declaration that THF-Pierre is barred by laches from asserting any claim to costs and expenses in excess of amounts already received. Once again, as in the Federal court and for reasons that escape me, the parties have studiously avoided submitting the legal and factual issues raised in the first cause of action. They are clearly beyond the scope of the narrow accounting arbitration clause in article 32 (c). Accordingly, the matter may not yet be ripe for arbitration.
The cooperative’s motion for summary judgment on the second cause of action is denied, and THF-Pierre’s motion for summary judgment dismissing the second cause of action is granted. The court will not, however, accede to THF-Pierre’s application for a direction to the parties to proceed to arbitration.