■ POST-ADJUNCT FACULTY ASSOCIATION et al., Appellants, v BOARD OF TRUSTEES OF LONG ISLAND UNIVERSITY, Respondent. —In an action to recover damages for breach of a collective bargaining agreement, the plaintiffs appeal from an order and judgment (one paper) of the Supreme Court, Nassau County (Pantano, J.), dated May 30, 1985, which granted the defendant's motion, pursuant to CPLR 3211 (a) (2) and (7) to dismiss their complaint,

Ordered that the order and judgment is affirmed, with costs.

The plaintiffs are the Post-Adjunct Faculty Association (hereinafter the union), recognized by the defendant Board of Trustees of Long Island University (hereinafter the University), as the bargaining agent for the adjunct faculty members of the university's C.W. Post Center, and Norma Goldsmith, the union's former president. After failing to prevail in a grievance proceeding brought on behalf of Goldsmith relating to the scheduling of class assignments, the plaintiffs commenced this action seeking money damages on her behalf.

We agree with Special Term that our decision in *Berlyn v Board of Educ.* (80 AD2d 572, *affd* 55 NY2d 912) is dispositive of the plaintiffs' claims. The collective bargaining agreement between the union and the university set forth in article IV "the sole method * * * for the filing and processing of any grievance". The five-phase grievance machinery provided, *inter alia,* for a meeting between the grievant and the appropriate dean, followed by a hearing before the president of C.W. Post Center. Thereafter, the union could request review of the president's decision by the vice-chancellor of the university. The collective bargaining agreement further provided that the decision of the vice-chancellor was "final and binding upon the Union and the employee(s) affected thereby", subject to the provisions of section 4, for advisory arbitration, which the union alone might request. Within 10 days after receipt of the arbitrator's advisory award, the vice-chancellor "shall inform the Union of the University's final decision in writing". The clear and unambiguous language of the collective bargaining agreement that the decision of the vice-chancellor is *"final and binding"* (emphasis supplied) must be read together with the provisions for advisory arbitration, after which the vice-chancellor is required to render a *final decision.* Therefore, the inclusion of the provision for advisory arbitration does not

afford a basis for a plenary action or otherwise affect the exclusivity of the contractual grievance procedure.

Accordingly, the complaint was properly dismissed. Thompson, J. P., Lawrence, Eiber and Spatt, JJ., concur.