■ GREAT NORTHERN ASSOCIATES, INC., Formerly Known as GREAT NORTHERN INSURING AGENCY, INC., et al., Respondents-Appellants, v CONTINENTAL CASUALTY COMPANY et al., Appellants-Respondents, et al., Defendants. [596 NYS2d 938] —Mahoney, J. Cross appeals from an order of the Supreme Court (Travers, J.), entered March 9, 1992 in Albany County, which, *inter alia,* denied a motion by defendant Rose & Kiernan, Inc. to dismiss the complaint against it.

The complex litigation at issue in this appeal arises out of the 1991 termination of an insurance agency agreement between plaintiff Great Northern Associates, Inc. (hereinafter plaintiff), an independent insurance agency, and defendants Continental Casualty Company, National Fire Insurance Company of Hartford, American Casualty Company of Reading, Transportation Insurance Company, Transcontinental Insurance Company and Valley Forge Insurance Company (hereinafter collectively referred to as CNA). A review of the record establishes that in 1987, plaintiff entered into an agency agreement with CNA whereby the former was authorized to act as agent of the latter with regard to the procurement of insurance contracts. Pursuant to the agreement, plaintiff was to remit monthly the premiums collected on CNA policies directly to CNA. In the fall of 1990, plaintiff failed to make remittance payments in accord with the terms of the agency agreement, prompting CNA to terminate the agreement in its entirety and to commence a civil action against plaintiff to recover the premiums due thereunder.

The termination raised issues regarding the disposition of plaintiff's CNA "book of business" (i.e., its list of CNA customers, files and other documents needed to service the customers), and plaintiff, with knowledge and approval of CNA, thereafter entered into negotiations with defendant Rose & Kiernan, Inc., another independent insurance agency, to sell the book of business to it. Following several discussions, a letter proposal was executed by both parties setting forth the status of the negotiations. While not a formal purchase offer, the letter stated Rose & Kiernan's intent to purchase plaintiff's book of business pending further review of the books and records and delineated some of the terms and conditions of the purchase. One such term, described as "material to Rose and Kiernan's willingness to negotiate and proceed with a pur-

chase contract", was that plaintiff immediately permit Rose & Kiernan to begin servicing the book of business, ostensibly to provide a continuity of support of the accounts it was contemplating purchasing. A formal servicing agreement was executed that same day. Of particular significance to this appeal is the release clause contained in the servicing agreement whereby plaintiff agreed to "release Rose and Kiernan from any liabilities that may be incurred for these services and waive all rights to future legal actions against Rose and Kiernan". Following execution of the April 12, 1991 servicing agreement, difficulties developed. No purchase agreement was reached, Rose & Kiernan terminated the servicing agreement in June 1991 and purchase negotiations ended approximately one month later.

This situation furnished the occasion for plaintiff's commencement of the instant action against, *inter alia,* CNA and Rose & Kiernan. The gravamen of a majority of the 19 causes of action interposed against CNA and the 13 brought against Rose & Kiernan, which sounded variously in fraud, unfair competition, breach of fiduciary duty, conversion, unjust enrichment, prima facie tort and tortious interference with contractual relations, was that these defendants, acting in concert, embarked upon a deliberate and calculated scheme to damage plaintiff's business and to have Rose & Kiernan pirate away plaintiff's book of business without having to pay for it. CNA interposed an answer setting forth as an affirmative defense and counterclaim plaintiff's breach of contract in failing to pay premium funds under the agency agreement. Rose & Kiernan made a preanswer motion to dismiss the complaint against it. Shortly thereafter, plaintiff moved to compel arbitration of CNA's counterclaim pursuant to the arbitration provisions contained in the agency agreement. CNA opposed but also cross-moved for an order compelling arbitration of all of plaintiff's claims against CNA in the event its counterclaim was referred to arbitration. Concluding that two of the 13 claims interposed against Rose & Kiernan stated viable claims, Supreme Court denied Rose & Kiernan's motion in its entirety. In addition, it ordered the entire controversy between plaintiff and CNA referred to arbitration. All parties have filed appeals.

Turning first to Rose & Kiernan's arguments relative to denial of its motion to dismiss, we note preliminarily our disagreement with the contention that plaintiff's claims against it are barred by the general release contained in the servicing agreement. While, concededly, exculpatory agree-

ments or covenants not to sue are recognized by the courts *(see, e.g., Lago v Krollage,* 78 NY2d 95, 99), under announced public policy they are ineffective to insulate the releasee from intentional, willful or grossly negligent acts *(see, supra,* at 100; *Kalisch-Jarcho, Inc. v City of New York,* 58 NY2d 377, 384-385). So strong is this policy that it is applicable regardless of whether exemption of such conduct was within the parties' contemplation at the time the agreement was executed *(Kalisch-Jarcho, Inc. v City of New York, supra,* at 385). Inasmuch as all of the 13 causes of action interposed by plaintiff against Rose & Kiernan allege intentional wrongdoing, willful, malicious and fraudulent acts, the release clearly is ineffective to insulate Rose & Kiernan from liability.

Nor under the circumstances do we find any error in Supreme Court's wholesale denial of Rose & Kiernan's motion to dismiss upon the conclusion that two of the 13 claims stated viable causes of action. Despite Rose & Kiernan's arguments to the contrary, it is apparent that its motion to dismiss was addressed to the complaint in its entirety. Precedent is clear and well established in this Department that when "a motion to dismiss for failure to state a cause of action is addressed to the entire complaint rather than to particular causes of action thereof, it must be denied if one of plaintiff's causes of action is found to be legally sufficient" *(O'Reilly v Executone of Albany,* 121 AD2d 772, 774; *see, State of New York v Monarch Chems.,* 90 AD2d 907). Because it is evident that several viable causes of action are pleaded in the complaint, issuance of a general denial of the motion was in all respects proper.

However, we disagree with that part of Supreme Court's decision which referred the entire controversy between plaintiff and CNA to arbitration. While it is clear that the substance of the proposed arbitration (i.e., CNA's breach of contract counterclaim based upon plaintiff's nonpayment of premiums due under the agency agreement), falls well within the ambit of the parties' arbitration agreement which requires arbitration of "any dispute relative to [the agency agreement]", in our view plaintiff has waived its right to compel arbitration thereof. It is well established that an arbitration provision in a contract, like any other contractual provision, can be waived or abandoned by the parties *(see, Sherrill v Grayco Bldrs.,* 64 NY2d 261, 272; *Esquire Indus. v East Bay Textiles,* 68 AD2d 845). Crucial to the establishment of waiver in the arbitration context is the presence of conduct by the party seeking to compel arbitration which reflects a positive and unequivocal election to ignore his or her arbitration

rights *(see, e.g., De Sapio v Kohlmeyer,* 35 NY2d 402, 405; *Denihan v Denihan,* 34 NY2d 307, 311). While there are many actions which can manifest a waiver, one of the more common is the prior commencement of a judicial action or proceeding wherein the claims sought to be redressed embrace the same issues as those contained in the claim for which arbitration is sought *(see, Sherrill v Grayco Bldrs., supra,* at 273; *Denihan v Denihan, supra; Mendelsohn v A & D Catering Corp.,* 119 Misc 2d 581, 588-590, *affd* 100 AD2d 209; *Matter of Board of Educ. [Brentwood Teachers Assn.],* 79 Misc 2d 758, 762-763).

We conclude that certain of the claims against CNA contained in the instant complaint embrace the same issues as those involved in the proposed arbitration, thus effecting a waiver under the foregoing principles. A reading of the complaint reveals, among other things, allegations that during the period the agency agreement was in force, CNA planned and carried out a nefarious scheme calculated to force plaintiff to default on its obligations under the agency agreement by seeing to it that plaintiff was deprived of premium receivables. While these allegations appear to form the basis of only four of the 19 claims interposed against CNA, the same issues lie at the heart of these claims and the proposed arbitration, namely whether plaintiff's default under the agency agreement constitutes an actionable wrong *(cf., Sherrill v Grayco Bldrs., supra).* Because each of these four claims are, in effect, defenses/counterclaims to CNA's breach of contract claim, they clearly evidence an unequivocal election by plaintiff to resolve the substance of this dispute in the judicial as opposed to the arbitral forum. Such action precludes plaintiff from now drawing upon the judicial process to create its own unique combination of litigation and arbitration. Accordingly, because CNA's cross motion before Supreme Court sought to compel arbitration of the claims contained in plaintiff's complaint only in the event that its counterclaim was sent to arbitration, and in light of our conclusion that plaintiff has waived its right to compel arbitration of the counterclaim, the entire controversy should be retained in Supreme Court.

Weiss, P. J., Mikoll, Mercure and Casey, JJ., concur. Ordered that the order is modified, on the law, without costs, by reversing so much thereof as referred the entire controversy between plaintiff Great Northern Associates, Inc. and defendants Continental Casualty Company, National Fire Insurance Company of Hartford, American Casualty Company of Reading, Transportation Insurance Company, Transcontinental Insurance Company and Valley Forge Insurance Company to

arbitration; plaintiff's motion to compel arbitration denied; and, as so modified, affirmed.