**Philip Xuan ZHANG, Plaintiff–Appellant,**

v.

**Helian WANG, Norman L. Kline, Jiwei Zhao, Defendants–Appellees,**

**Paul Ng, Ben "Doe," Defendants.**

**No. 06–5255–cv.**

United States Court of Appeals, Second Circuit.

March 18, 2008.

Philip Xuan Zhang, pro se, New York, NY, for Plaintiff–Appellant.

Helian Wang, pro se, Elmwood Park, NJ; Norman L. Kline, pro se, Edison, NJ; Jiwei Zhao, pro se, Edison, NJ, for Defendants–Appellees.

PRESENT: Hon. SONIA SOTOMAYOR, Hon. DEBRA ANN LIVINGSTON, Circuit Judges, and Hon. LORETTA A. PRESKA, District Judge.*

## SUMMARY ORDER

Appellant Philip Xuan Zhang, *pro se*,[1] appeals from a May 8, 2007 judgment of the United States District Court for the Eastern District of New York (Block, J.) dismissing Zhang's claims. We presume the parties' familiarity with the facts and procedural history of the case.

This Court reviews *de novo* the dismissal of a cause of action under Federal Rule of Civil Procedure 12(b)(6). *Jaghory v. N.Y. State Dep't of Educ.*, 131 F.3d 326, 329 (2d Cir.1997). We agree with the district court, for the reasons it states, that Zhang's complaint failed to state a claim for relief and asserted claims over which the court did not have jurisdiction because Zhang failed to comply with the retainer agreement's arbitration clause.

To the extent Zhang challenges the district court's order compelling arbitration because defendant Wang allegedly refused to arbitrate and thereby waived her right to arbitration, we conclude his argu-

---

* The Honorable Loretta A. Preska of the United States District Court for the Southern District of New York, sitting by designation.

1. Zhang is an attorney admitted to practice law in the state of New York. Defendants

Kline and Zhao are attorneys admitted to practice law in the states of New York and New Jersey.

ment is without merit. "Like contract rights generally, a right to arbitration may be modified, waived or abandoned." *Sherrill v. Grayco Builders, Inc.*, 64 N.Y.2d 261, 272, 486 N.Y.S.2d 159, 475 N.E.2d 772 (1985). "A refusal by [a party] to arbitrate upon demand duly made by the other side constitutes such a waiver." *Nagy v. Arcas Brass & Iron Co.*, 242 N.Y. 97, 98, 150 N.E. 614 (1926) (per curiam). However, "[c]rucial to the establishment of waiver in the arbitration context is the presence of conduct by the party seeking to compel arbitration which reflects a positive and unequivocal election to ignore his or her arbitration rights." *Great Northern Assocs., Inc. v. Continental Cas. Co.*, 192 A.D.2d 976, 596 N.Y.S.2d 938, 941 (3d Dep't 1993). Here, Zhang relies principally on a faxed settlement offer in which he stated that Wang had "rejected my request of having the arbitration in New York." Wang responded to this fax by simply rejecting the offer of settlement. Importantly, Zhang never sent a letter demanding arbitration and never initiated arbitration proceedings with the American Arbitration Association in New York as provided in the retainer agreement. Under these circumstances, we conclude that Wang has not waived her right to arbitrate under the contract.

■ Zhang also challenges the district court's dismissal of his claim that Zhao and Kline tortiously interfered with the retainer and settlement agreements. This argument is also without merit. "To state a claim [under New York law] for interference with contractual and prospective business relations against a competitor, the alleged tortfeasor must employ 'wrongful means.'" *Hannex Corp. v. GMI, Inc.*, 140 F.3d 194, 206 (2d Cir.1998). "The definition of wrongful means ... includes 'physical violence, fraud or misrepresentation, civil suits and criminal prosecutions, and

some degrees of economic pressure.'" *Id.* (quoting *Guard–Life Corp. v. S. Parker Hardware Mfg. Corp.*, 50 N.Y.2d 183, 191, 428 N.Y.S.2d 628, 406 N.E.2d 445 (1980)). The definition does not, however, include "persuasion alone," even if "it is knowingly directed at interference with the contract." *Guard–Life*, 50 N.Y.2d at 191, 428 N.Y.S.2d 628, 406 N.E.2d 445. Here, Zhang alleges that Kline prohibited Zhang from communicating with Wang; that Kline "encouraged and forced" Zhang to sue Wang; and that Kline and Zhao "unjustified[ly]," "malicious[ly]," "tortious[ly]," and "repeatedly" interfered with the contractual relations between Zhang and Wang. These allegations, even when construed in the most liberal manner, are nothing more than legal conclusions that Kline and Zhao acted maliciously and tortiously. Because the complaint does not allege facts sufficient to establish that Kline and Zhao employed wrongful means, but rather alleges only that Kline and Zhao persuaded Wang, we agree with the district court that Zhang has not stated a claim for tortious interference against Kline and Zhao.

■ Finally, with respect to Zhang's argument that the district court erred in dismissing the claims against Ng and "Doe" because neither party filed a motion to dismiss, his claim fails because a court has the authority to dismiss a frivolous action, whether on motion or *sua sponte*. *See Fitzgerald v. First E. Seventh St. Tenants Corp.*, 221 F.3d 362, 364 (2d Cir.2000) (per curiam). Again, Zhang has not alleged any wrongful or improper conduct by Ng or Doe as is required to state a claim under New York law for tortious interference with either contractual or prospective economic relations. *See Hannex*, 140 F.3d at 206 (2d Cir.1998); *Guard–Life*, 50 N.Y.2d at 191, 428 N.Y.S.2d 628, 406 N.E.2d 445. We therefore conclude that

the district court acted properly in exercising its authority to dismiss the claims.

Accordingly, the judgment of the district court is AFFIRMED.